**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

Case No.:

KIMBERLY JOHNSON,

Plaintiff,

vs.

GUIDEONE SPECIALTY MUTUAL
INSURANCE COMPANY,

Defendant.

_____/

# 07-60444

CIV - COOKE

MAGISTRATE JUDGE
BROWN



## NOTICE OF REMOVAL

COMES NOW Defendant, GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY ("GUIDEONE"), by and through its undersigned counsel, and petitions this Honorable Court for the removal of that certain cause of action now pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, styled KIMBERLY JOHNSON vs. GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, Case No. 07-004423(09), wherein Plaintiff alleges breach of an insurance contract, insurance bad faith, entitlement to uninsured motorist coverage, and seeks declaratory relief and damages in excess of $75,000.00 against Defendant, GUIDEONE, and respectfully shows unto this Honorable Court as follows:

1.     GUIDEONE was and is a citizen of a foreign state, being incorporated in and a citizen of Iowa.  At the time this action was commenced and at the present time, GUIDEONE was not and is not a citizen of or incorporated in the State of Florida.  At the time this action was commenced and at the present time, GUIDEONE did not and does not

have its principal place of business in Florida. GUIDEONE has its principal place of business in Des Moines, Iowa.

2.      This action was commenced in the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, in and for Broward County, Florida, and service of process was accepted on behalf of Defendant on or about March 8, 2006. This action is pending in that court which is within the Ft. Lauderdale Division of the United States District Court for the Southern District of Florida.

3.      At the time when suit was instituted, Plaintiff KIMBERLY JOHNSON was a resident of Broward County, Florida, as alleged in paragraph 2 of the Complaint. As such, Plaintiff is a citizen of the State of Florida. Complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

4.      This is a civil action brought by Plaintiff seeking damages for the alleged breach of an insurance contract, uninsured-motorist benefits, insurer bad faith, and declaratory relief. The Complaint alleges an arbitration award of $635,000.00 against one John A. Roland and an assignment from Mr. Roland to Plaintiff for recovery of this amount from Defendant, GUIDEONE. Accordingly, the amount in controversy exceeds $75,000.00.

6.      In addition to the above damages, Plaintiffs are also seeking attorney's fees pursuant to Florida Statues, §627.428.

10.     Copies of all process, pleadings, and orders served upon GUIDEONE are attached hereto as Exhibit "A."

WHEREFORE, Defendant, GUIDEONE, prays that this Honorable Court exercise jurisdiction over this matter.

*Page -2-*

Respectfully submitted,

_____
JOHN W. WEIHMULLER, ESQ.
Florida Bar No.:  0442577
jweihmuller@butlerpappas.com
JAMES MICHAEL SHAW, JR., ESQ.
Florida Bar No.:  0677851
jshaw@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:   (813) 281-0900
Attorneys for Defendant GuideOne Specialty Mutual
Insurance Company

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this 26th day of March, 2007, by U.S. Mail to the following:

Phillip J. Goldstein, Esq.
Law Offices of Phillip J. Goldstein, P.A.
Marina Lakes Business Park
4914 Southwest 72nd Avenue
Miami, Florida 33155
Attorneys for Plaintiff

_____
JAMES MICHAEL SHAW, JR., ESQ.

## **Exhibit A**



# FLORIDA
### DEPARTMENT OF
# FINANCIAL SERVICES

07-09667

KIMBERLY JOHNSON

PLAINTIFF(S),

VS.

GUIDEONE SPECIALTY MUTUAL
INSURANCE COMPANY

DEFENDANT(S).

_____/

SUMMONS, COMPLAINT, EXHIBIT, DISCOVERY

CASE #:    07004423 CACE 09
COURT:     CIRCUIT COURT
COUNTY:  BROWARD
DFS-SOP#: 07-09667

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of the acceptance or receipt of Service of Process by the
Chief Financial Officer of the State of Florida, received in my office by MAIL
on the 5th day of March, 07, addressed to the Chief Financial Officer.
A copy of said process was **SERVED by certified mail on the 8th day of March, 07.**
from this office to:

GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY
THOMAS  C FARR
GUIDEONE INSURANCE GROUP
1111 ASHWORTH ROAD
WEST DES MOINES IA 50265

as designated agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

*Alex Sink*

Alex Sink
Chief Financial Officer

\* **Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.**

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:

PHILLIP J. GOLDSTEIN
4914 SOUTHWEST 72ND AVENUE
MIAMI FL 33155

TSC

**EXHIBIT**

___A___

Division of Legal Services - Service of Process Section
200 East Gaines Street  - P O Box 6200 - Tallahassee, Florida 32314-6200  - (850) 413-4200  - Fax (850) 922-2544

MAR 16 '07 10:55

**FLORIDA**
DEPARTMENT OF
**FINANCIAL SERVICES**

## SERVICE OF PROCESS
## PACKING SLIP

**PLEASE VERIFY THAT YOU HAVE RECEIVED A PACKET FOR EACH CASE LISTED FOR THIS PACKAGE. IF YOU HAVE QUESTIONS OR MISSING PACKETS, PLEASE CALL (850) 413-4200.**

**1 Packets enclosed for CERTIFIED MAIL # 7003 2260 0005 7094 7392 DELIVERED TO:**

*THOMAS C FARR*
*GUIDEONE INSURANCE GROUP*
*1111 ASHWORTH ROAD*
*WEST DES MOINES, IA 50265-*

Initials:

| Date Served | DFS-SOP# | Case # | Plaintiff | County | Court |
|---|---|---|---|---|---|
| | | *GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY* | | | |
| TSC  3/8/2007 | 07-09667 | 07004423 CACE 09 | KIMBERLY JOHNSON | BROWARD | CIRCUIT COURT |

**X**   IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

____ IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

| CIVIL DIVISION | SUMMONS | CASE NUMBER |
|---|---|---|
| | | 07004423 |

**09**

| PLAINTIFF(S): | vs.  DEFENDANT(S) |
|---|---|
| KIMBERLY JOHNSON | GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY |

THE STATE OF FLORIDA

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition, Request for Admissions, Request for Production and Interrogatories in this action on Defendant(s): GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY,

by Serving:

**Service of Process Section**
**Department of Financial Services**
**State of Florida**
**The Capitol Building**
**Tallahassee, Florida**

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's Attorney:

|  | PHILLIP J. GOLDSTEIN, ESQ. |
|---|---|
| **Whose Address is:** | PHILLIP J. GOLDSTEIN, P.A. |
|  | Marina Lakes Business Park |
|  | 4914 Southwest 72nd Avenue |
|  | Miami, Florida 33155 |
|  | Telephone: (305) 661-1120 |

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

| HOWARD FOREMAN | | DATE |
|---|---|---|
| Clerk of Courts | By:_____ | FEB 27 2007 |
| | Deputy Clerk | |

DEBORAH A. LEWIS Court Seal

A TRUE COPY
Circuit Court Seal

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

Florida Bar No. 131580          07004423

KIMBERLY JOHNSON,

    Plaintiff,

vs.                                   **C O M P L A I N T**

GUIDEONE SPECIALTY
MUTUAL INSURANCE COMPANY,

    Defendant.

_____/

    COMES NOW Plaintiff, KIMBERLY JOHNSON, by and through her undersigned attorneys, and sues the Defendant, GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY (hereinafter referred to as "GUIDEONE"), and says:

## JURISDICTION, PARTIES AND VENUE

    1.  That this is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest, attorneys fees and costs.

    2.  That Plaintiff, KIMBERLY JOHNSON, is a resident of Broward County, Florida, and is *sui juris*.

    3.  That Defendant, GUIDEONE, is an insurance company, authorized to do business in the State of Florida, and doing business in Broward County, Florida.

    4.  That all causes of action alleged herein, accrued in Broward County, Florida.

## GENERAL ALLEGATIONS AS TO THE FACTS GIVING RISE TO PLAINTIFF'S CLAIM

    5.  That at all times material hereto, John A. Roland was the owner and operator of a 2001 Harley Motorcycle, bearing Florida License Plate No. 65752C.

    6.  That Defendant, GUIDEONE, issued John A. Roland a motorcycle liability insurance policy, under Policy Number ROLAJ02, effective date of October 15, 2001 through October 15, 2002. (A copy of the insurance policy is attached hereto and incorporated herein as Exhibit "A".)

7. That on or about September 15, 2002, on State Road 91 (Florida Turnpike), 1,633 feet south of Mile Post #66, in Broward County, Florida, John A. Roland did operate and/or maintain his motorcycle with such negligence so as to cause it to collide with an automobile traveling on State Road 91.

8. That at the above time and place, Plaintiff, KIMBERLY JOHNSON, was riding as a passenger on John A. Roland's 2001 Harley Motorcycle.

9. That as a direct and proximate result of the aforementioned acts of negligence on the part of John A. Roland, Plaintiff, KIMBERLY JOHNSON, was injured in and about her body and extremities; was caused great physical pain and mental suffering; has had her earning ability impaired, and will, within reasonable medical probability, suffer said impairment of her earning ability in the future; has suffered losses to her income; has suffered an activation or aggravation of a pre-existing physical condition; has suffered physical and mental losses and impairments which are, within reasonable medical probability, permanent and/or continuing in nature, and will suffer said losses and impairments in the future; has been caused to expend monies for the treatment of her injuries and will, in the future, be caused to expend further monies for the treatment of her injuries.

10. That as a result of the September 15, 2002 motorcycle accident and injuries incurred by Plaintiff, KIMBERLY JOHNSON, therefrom, Plaintiff, KIMBERLY JOHNSON, initiated a law-suit against John A. Roland in the Seventeenth Judicial Circuit in and for Broward County, Florida, which lawsuit was assigned to The Honorable Richard D. Eade, Circuit Judge, under Case No. 03016244 (05).

11. That John A. Roland was served with the Summons, Complaint and various discovery pleadings on January 30, 2004.

12. That on March 4, 2004 Mr. Roland's personal attorney, Adam S. Neidenberg, Esq., wrote to Ms. Stacy Mains, Claims examiner with Defendant, GUIDEONE, enclosing the suit papers with correspondence, which requested Defendant, GUIDEONE, to provide a defense to

John A. Roland in the lawsuit filed against him by Plaintiff, KIMBERLY JOHNSON. (A copy of said letter is attached hereto and incorporated herein as Exhibit " B".)

13. That on March 30, 2004, Defendant, GUIDEONE, through its employee, Sr. Litigation Specialist, Kurt Groetsch, SCLA AIC, advised John A. Roland's attorney, Adam S. Neidenberg, Esq., that GUIDEONE assigned a coverage review to attorneys and that GUIDEONE would not provide a defense to John A. Roland. Mr. Groetsch further stated that he assumed that Adam S. Neidenberg, Esq. would enter a defense for John A. Roland. (A copy of Kurt Groetsch's letter to Adam S. Neidenberg, Esq., dated March 30, 2004, is attached hereto and incorporated herein as Exhibit "C".)

14. That because Defendant, GUIDEONE, refused to tender a defense to John A. Roland, in the lawsuit filed against him by Plaintiff, KIMBERLY JOHNSON, Adam S. Neidenberg, Esq. filed an appearance and answer, with Affirmative Defenses, to Plaintiff, KIMBERLY JOHNSON'S Complaint against John A. Roland, on April 12, 2004.

15. That when John A. Roland purchased his motorcycle liability policy from Defendant, GUIDEONE, he believed that said policy would provide insurance coverage for his personal liability which arises from the operation of his covered motorcycle.

16. That Plaintiff, KIMBERLY JOHNSON, and John A. Roland, through their respective attorneys, and because Defendant, GUIDEONE, advised that it would not defend John A. Roland, pay KIMBERLY JOHNSON under the subject liability policy, or honor its obligations to John A. Roland, as its insured thereunder, submitted Plaintiff, KIMBERLY JOHNSON'S claim against John A. Roland, to arbitration. On July 9, 2004, the selected arbitrator issued the "Arbitrator's Award" of $635,000.00 to KIMBERLY JOHNSON. (A copy of the award letter is attached hereto and incorporated herein as Exhibit "D".)

17. That the arbitrator's award was necessary in order to enter into the Settlement Agreement and Assignment of Claim in Favor of Plaintiff, KIMBERLY JOHNSON, which was entered into on October 25, 2006. (A copy of the Stipulation and Agreement for Settlement of

Claim and Assignment of Claim to Plaintiff, is attached hereto and incorporated herein as Exhibit "E".)

18. That on January 3, 2007, Judge Eade, pursuant to the Settlement Agreement and Assignment of Claim to Plaintiff, entered a Final Judgment for $635,000.00, in favor of Plaintiff, KIMBERLY JOHNSON, and against John A. Roland. (A copy of the Final Judgment is attached hereto and incorporated herein as Exhibit "F".)

19. That the amount of the judgment was fair and reasonable based upon the facts and circumstances of the personal injury claim; the agreement was entered into after an arbitrator's award; and consideration was afforded by and to each of the parties thereto.

20. That John A. Roland owned the motorcycle involved in the accident of September 15, 2002, individually, as well as having operated the motorcycle on the date of the accident; therefore, he has personal liability for bodily injuries resulting from his negligence, as well as his motorcycle insurance policy, which provided primary liability coverage for his personal liability, to-wit: The GUIDEONE motorcycle insurance policy referenced above.

## COUNT I
## DECLARATORY RELIEF

21. Plaintiff, KIMBERLY JOHNSON, adopts and re-alleges Paragraphs One through Twenty, and further alleges:

22. That Plaintiff, KIMBERLY JOHNSON, seeks a declaration, pursuant to Chapter 86 of the Florida Statutes, as to the rights, duties and obligations of GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, to Plaintiff's assignor, John A. Roland, under GUIDEONE'S insurance policy, No. ROLAJ02.

23. That GUIDEONE'S advices to John A. Roland, or his attorney, that there was no coverage for John A. Roland under the GUIDEONE policy for Plaintiff, KIMBERLY JOHNSON'S claims against John A. Roland, and that GUIDEONE would not defend John A. Roland, or pay any claim against John A. Roland by Plaintiff, KIMBERLY JOHNSON, has raised doubts about

the existence or non-existence of John A. Roland's rights to coverage under the GUIDEONE insurance policy.

24. Chapter 86 of the Florida Statutes, authorizes this Court to render declaratory judgments on the existence or non-existence of any immunity, power, privilege or right, or any fact upon which the existence of such immunity, power, privilege or right, does or may depend, and further confers on this court, the power to construe any contract, either before or after a breach thereof, and issue a declaration of the parties' rights and obligations thereunder.

25. That Plaintiff, KIMBERLY JOHNSON, as assignee of John A. Roland, accordingly seeks a declaration that coverage existed under the subject GUIDEONE policy; that GUIDEONE wrongfully denied coverage under said policy; that the policy coverage limits were available to John A. Roland in connection with Plaintiff, KIMBERLY JOHNSON'S claim against him; and that the policy coverage limits are now due and owing.

WHEREFORE Plaintiff, KIMBERLY JOHNSON, prays for the following relief:

(a)     A declaration of coverage under the subject GUIDEONE policy, for the bodily injury claims made by Plaintiff, KIMBERLY JOHNSON, against GUIDEONE'S insured, John A. Roland;

(b)     Attorneys' Fees and Costs;

(c)     Pursuant to §86.061, Florida Statutes, any and all such supplemental relief, as may be determined appropriate and just upon the development of the facts and circumstances of the case in the course of this litigation, including, but not limited to, an award of damages that afford Plaintiff, KIMBERLY JOHNSON, full recovery on the judgment entered in her favor against John A. Roland, and interest thereon; and

(d)     Such other and further relief as the Court may deem just and appropriate.

## COUNT II
## BREACH OF CONTRACT

26. Plaintiff, KIMBERLY JOHNSON, re-adopts and re-alleges Paragraphs One through Twenty, and further alleges:

27. That GUIDEONE breached its contractual obligations to its insured, John A. Roland, under its motorcycle liability insurance Policy Number ROLAJ02, by stating that it would not indemnify John A. Roland for any settlement paid or judgment rendered in KIMBERLY JOHNSON'S lawsuit against John A. Roland.

28. That the GUIDEONE Motorcycle Liability Policy, in fact, provided coverage to John A. Roland for the claims made against him by KIMBERLY JOHNSON.

29. That John A. Roland had a policy of motorcycle coverage for his personal liability, which had a $100,000.00 maximum limit of coverage, which was available to cover John A. Roland's personal liability for KIMBERLY JOHNSON'S bodily injuries sustained in the motorcycle accident that occurred on September 15, 2002.

30. That by advising John A. Roland, through his attorney, Adam S. Neidenberg, Esq., that the GUIDEONE motorcycle liability insurance policy would not indemnify him for any settlement paid or judgment rendered in KIMBERLY JOHNSON'S lawsuit, GUIDEONE exposed John A. Roland to the entry of a judgment, entered against him personally, in an amount in excess of the $100,000.00 in coverage that he had under his policy, which could well have fallen into a jury verdict range of a million dollars, given the severity of KIMBERLY JOHNSON'S injuries.

31. That coverage is owed under the GUIDEONE motorcycle insurance policy, and is now due and owing in the full coverage amount to Plaintiff, KIMBERLY JOHNSON, as assignee of John A. Roland.

WHEREFORE Plaintiff, KIMBERLY JOHNSON, as assignee of John A. Roland, demands judgment against Defendant, GUIDEONE SPECIALTY MUTUAL INSURANCE COM-

limits, pre-judgment interest, post-judgment interests, costs and attorneys fees, and further, prays for such other and further relief as the Court may deem just and appropriate.

## COUNT III
## CLAIM FOR BAD FAITH

32. Plaintiff, KIMBERLY JOHNSON, re-adopts and re-alleges Paragraphs One through Twenty, and further alleges:

33. That this is a claim against Defendant, GUIDEONE, for bad faith for failure to settle the claim of KIMBERLY JOHNSON against John A. Roland, which failure resulted in personal exposure of John A. Roland to entry of a judgment against him in excess of available coverage limits.

34. That this claim for bad faith is brought pursuant to common law and pursuant to Florida Statute §624.155.

35. That GUIDEONE did not attempt, in good faith, to settle Plaintiff, KIMBERLY JOHNSON'S claims against GUIDEONE'S insured, John A. Roland, when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured, John A. Roland, and with due regard for his interests.

36. That Plaintiff, KIMBERLY JOHNSON, would have accepted the subject GUIDEONE insurance policy limits of $100,000.00, in full and final settlement of her claim against John A. Roland, had GUIDEONE tendered and/or paid the policy limits, and John A. Roland's personal liability exposure would thereby have been extinguished.

37. That because GUIDEONE instead, callously and in bad faith denied that the subject GUIDEONE policy had coverage for John A. Roland's accident which injured Plaintiff, KIMBERLY JOHNSON, and failed and refused to tender either a defense or the policy limits in KIMBERLY JOHNSON'S personal injury claim, John A. Roland suffered personal exposure to a potential million dollar judgment against him.

38. That in order to limit his exposure, John A. Roland entered into the agreement with Plaintiff, KIMBERLY JOHNSON, attached hereto as Exhibit "D", pursuant to which a consent judgment in the amount of $635,000.00 was entered against John A. Roland, subject to a covenant not to execute against John A. Roland on said judgment.

39. That Plaintiff, KIMBERLY JOHNSON, individually, and as assignee of John A. Roland, is, accordingly, entitled to recover damages under common law and under Florida Statute §624.155 for Defendant, GUIDEONE'S breach of its duty of good faith.

40. That Plaintiff, KIMBERLY JOHNSON, has retained the services of PHILLIP J. GOLDSTEIN, ESQ. and MICHAEL J. COHEN, ESQ., to represent her in this action against Defendant, GUIDEONE, and pursuant to Florida Statute §627.428, Plaintiff, if successful in this lawsuit, is entitled to an award of attorneys' fees and costs against Defendant, GUIDEONE.

WHEREFORE Plaintiff, KIMBERLY JOHNSON, demands judgment against Defendant, GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, for damages, including the amount owing on the consent judgment, interest, attorney's fees and costs, and such other and further relief as this Court may deem just and appropriate.

## COUNT IV
## CLAIM FOR UNINSURED MOTORIST BENEFITS AND BAD FAITH

41. Plaintiff, KIMBERLY JOHNSON, re-adopts and re-alleges Paragraphs One through Twenty, and further alleges:

42. That the GUIDEONE insurance policy, attached hereto as Exhibit "A", provides for uninsured motorist benefits available to the insured, or to any passenger on said motorcycle at the time of an accident, and Plaintiff herein, KIMBERLY JOHNSON, was a passenger riding upon the insured motorcycle at the time and place of the accident, which is the basis of Plaintiff's claim herein.

43. That on April 19, 2004, GUIDEONE denied any uninsured motorist claim by Plaintiff, KIMBERLY JOHNSON, as evidenced by the letter from Kurt Groetsch, attached hereto as Exhibit "C".

44. That Defendant, GUIDEONE, has taken the legal position that its policy of motorcycle insurance, issued to John A. Roland, does not provide coverage to John A. Roland for KIMBERLY JOHNSON'S claim of injury against John A. Roland, under the liability portion of said policy; therefore, for all intents and purposes, John A. Roland, with regard to KIMBERLY JOHNSON'S claim is an uninsured motorist and KIMBERLY JOHNSON, therefore, is entitled to claim uninsured motorist benefits under John A. Roland's motorcycle policy of insurance with Defendant, GUIDEONE.

45. That Defendant, GUIDEONE, is guilty of bad faith, pursuant to common law and Florida Statute §624.155, in failing to amicably resolve Plaintiff, KIMBERLY JOHNSON'S uninsured motorist claim and denying same, when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward KIMBERLY JOHNSON, and with due regard to her interests.

46. That because GUIDEONE refused to honor Plaintiff, KIMBERLY JOHNSON'S claim for uninsured motorist benefits, Plaintiff submitted her claim to arbitration, and an arbitrator rendered a report, finding Plaintiff, KIMBERLY JOHNSON'S claim for bodily injuries to be $635,000.00. (See Exhibit " D")

47. That Plaintiff, KIMBERLY JOHNSON, therefore, claims damages for uninsured motorist benefits and bad faith against Defendant, GUIDEONE, in accordance with the arbitrator's award.

48. That Plaintiff, KIMBERLY JOHNSON, has retained the services of PHILLIP J. GOLDSTEIN, ESQ., and MICHAEL J. COHEN, ESQ., to represent her in this action against Defendant, GUIDEONE, and pursuant to Florida Statute §627.727(8) and Florida Statute

§627.428, Plaintiff, if successful in this lawsuit, is entitled to an award of attorneys' fees and costs against Defendant, GUIDEONE.

WHEREFORE Plaintiff, KIMBERLY JOHNSON, demands judgment against Defendant, GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, for damages, including the amount of the arbitrator's award, interest, attorney's fees and costs, and such other and further relief as this Court may deem just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLY JOHNSON, demands trial by jury on all issues triable as of right by a jury.

MICHAEL J. COHEN, ESQ.
1792 Bell Tower Lane
Weston, Florida 33326

and

PHILLIP J. GOLDSTEIN, P.A.
Attorneys for Plaintiff
Marina Lakes Business park
4914 Southwest 72nd Avenue
Miami, Florida 33155
Telephone: (305) 661-1120
Facsimile: (305) 661-1170

BY: _____
PHILLIP J. GOLDSTEIN

 **GuideOne Insurance**

October 18, 2002

GOLDSTEIN & COHEN, PA
9210 SW 72ND ST, STE 101
MIAMI, FL  33173

RE:                    **Our Insured:** ROLAND, JOHN A
                       **Claim Number:** 5A09512001
                       **Date of Loss:** 09/15/2002
                       **Your Client:** KIMBERLY JOHNSON

Dear  Phillip Goldstein

This will acknowledge your letter of September 30, 2002, at which time you advised representation of Kimberly Johnson.

I have enclosed Mr. Roland's application, rejection waivers, declaration page and copy of policy for your review. The policy does not contain the Guest Liability coverage, therefore, no coverage can be afforded to Ms. Johnson regarding her injuries.

Should you have any questions, please contact me at (800) 375 - 2075 ext 5182.  All correspondences should be forwarded to STACY MAINES at the following address:

GuideOne Insurance
PO BOX 5323
CINCINATI, OH  45201

Respectfully,

*Stacy Maines*

GuideOne Insurance
Stacy Maines
Claims Examiner

EXHIBIT "A"

| TR | CO | CASH | COMM CLAIMED | MK | ST. | C | S | E | BIRTH MO YR | FACTOR | R C | BALANCE DUE OR CREDIT | EARN DAT | DISCREPANCY | LAST ACTION DATE | BATCH |
|----|----|------|--------------|----|-----|---|---|---|---|--------|---|-----|-----|-----|-----|-----|
| 125 | 10 | 17328 |  | 01 | 0902 | 1A |  |  | 3310 56 | 1.000 | 4 | 69312 | 12/27/01 | 00 | 07/23/01 | C58 |

PREM FINANCE                                    MAILING INST. 4202

09

ATTACH 3451

| CV LM | PREM | CV LM | PREM | CV LM | PREM | CV LM | PREM | CV LM | PREM | CV LM | PREM | CV LM | PREM | CV LM | PREM |
|-------|------|-------|------|-------|------|-------|------|-------|------|-------|------|-------|------|-------|------|
| 0108 | 4080 | 0202 | 1672 | 0329 | 3168 | 0429 | 3168 | 1149 | 2080 | 1924 | 400 |  |  |  |  |

This declarations page with *"POLICY PROVISIONS"* completes this policy.                $10875

**POLICY NUMBER** 448-01-83 RENEWAL

**POLICY PERIOD**
12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAME INSURED FROM 10/15/01 TO 10/15/02

**AMENDED CODE SEE REVERSE**

**AMENDED DATE**

**PROCESSING DATE**
10/09/01

PHONE # 800-832-4449

**NAMED INSURED (OWNER) AND ADDRESS**
ROLAND, JOHN A
1035 SW 119TH WAY
DAVIE FL                    33325

**AGENT** 09-875
040
H

HARLEY-DAVIDSON INS SERVICES

4150 TECHNOLOGY WAY
CARSON CITY
NV  89706

**LOSS PAYEE** SEE LOSS PAYABLE CLAUSE ON REVERSE SIDE
HARLEY DAVIDSON CREDIT
4150 TECHNOLOGY WAY
CARSON CITY NV        89706

THIS POLICY COVERS ONLY THE UNIT(S) DESCRIBED BELOW YEAR/MAKE/SIZE/SERIAL NUMBER

2001 H-DAVIDSON    1450CC    1HD1BXB1X1Y075836

**THIS IS A LIMITED POLICY -- READ CAREFULLY
WE WILL INSURE YOU FOR THE COVERAGES AND LIMITS OF LIABILITY FOR WHICH PREMIUM IS SHOWN, SUBJECT TO THE TERMS AND CONDITIONS OF THIS POLICY.**

ENDORSEMENTS: 8300 3857 1724 5701 5702 8253 8301

| COVERAGES | LIMITS OF LIABILITY (ACV MEANS ACTUAL CASH VALUE) (DED. MEANS DEDUCTIBLE) | | PREMIUM |
|-----------|-----|-----|---------|
| **A. LIABILITY COVERAGE** | | | |
| BODILY INJURY | EACH PERSON $100,000 | EACH ACCIDENT $ 300,000 | 61.60 |
| PROPERTY DAMAGE | | EACH ACCIDENT $ 50,000 | INCL |
| **B. PHYSICAL DAMAGE** | | | |
| COMPREHENSIVE | | ACV LESS DED. OF $ 250 | 320.80 |
| COLLISION | | ACV LESS DED. OF $ 250 | 316.80 |
| **MEDICAL PAYMENTS** | EACH PERSON $ | LESS DED. OF $ | |
| **UNINSURED MOTORISTS** | STACKED | | |
| BODILY INJURY | EACH PERSON $ 10,000 | EACH ACCIDENT $ 20,000 | 167.20 |
| PROPERTY DAMAGE | EACH ACCIDENT $ | | |
| TRAVEL LOSS COVERAGE ENDORSEMENT | | | INCL |
| UNDERINSURED MOTORIST | | | INCL |
| PAYMENT PLAN | | TOTAL | 866.40 |

NO COVERAGE APPLIES TO ACCESSORIES NOT MADE BY THE MANUFACTURER OF YOUR CYCLE.
DISCOUNT:   RENEWAL        H-D PREFERRED
            MARITAL STATUS-M

Countersigned by Authorized Representative

# ACORD FLORIDA PERSONAL AUTO APPLICATION

**APP ID CN**  **DATE (MM/DD/YY)** 10/15/00

| PRODUCER | APPLICANT'S NAME AND MAILING ADDRESS (Include county & ZIP+4) |
|---|---|
| Harley-Davidson Insurance<br>Retail Motorcycle Insurance<br>PO Box 634<br>Carson City NV 89702-0634<br>Renee Gubler | John A. Roland<br>1035 SW 119th Way<br>Davie FL 33325<br>Broward |

**NAIC CODE** 14559
**TELEPHONE NUMBER** 954-370-5163

LICENSE #:
CODE: SUBCODE:
AGENCY CUSTOMER ID ROLAJO2
800-832-4449

CO/PLAN GuideOne Specialty GSM/HD PREF
POL#: ROLAJO2
ACCT#: 09-875

| EFFECTIVE DATE | EXPIRATION DATE | X | DIRECT BILL | PAYMENT PLAN |
|---|---|---|---|---|
| 10/15/00 | 10/15/01 | | AGENCY BILL | |

## RESIDENCE

CURRENT RESIDENCE IS | OWNED | RENTED | GARAGE LOCATION IF DIFF FROM ABOVE (Inc county & ZIP)

YRS AT ADDR CURR | PREV | PREVIOUS ADDRESS (If less than 3 years) | VEH #

## VEHICLE DESCRIPTION/USE

TOTAL NUMBER OF VEHICLES IN HOUSEHOLD: 1

| VEH | YEAR | MAKE, MODEL AND BODY TYPE | VIN/REGISTERED STATE | HP/CC | DATE PURCH | NEW/USED |
|---|---|---|---|---|---|---|
| 1 | 1999 | Harley FXD MC | 1HD1GHV10XY319327  FL | 1450 | 10/15/00 | U |

| VEH | COST NEW | SYMBOL AGE GRP | TERR | MILE 1 WAY WK/SCHL | # DAYS WEEK | # WKS MONTH | USAGE | PER-FORM | MULTI-CAR | CAR POOL | CAR-AGED | ODOMETER READING | ANNUAL MILEAGE | GOVERN DRIVER | DRIVER USE % (Each veh must equal 100%) | CLASS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 17500. | | 2 | | | | | | | | Y | | 0 | 1 | 100 | |

| VEH | PASSIVE SEAT BELT | AIRBAG DRV/BOTH | ANTI-LOCK BRAKES 2/4 | ANTI-THEFT DEVICES | CREDITS/SURCHARGES | VEH | PASSIVE SEAT BELT | AIRBAG DRV/BOTH | ANTI-LOCK BRAKES 2/4 | ANTI-THEFT DEVICES | CREDITS/SURCHARGES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | |

## COVERAGES/PREMIUMS

| COVERAGES | LIMITS OF LIABILITY | | | | VEHICLE # 1 | VEHICLE # | VEHICLE # | VEHICLE # |
|---|---|---|---|---|---|---|---|---|
| SINGLE LIMIT LIABILITY (CSL) | $ | EA ACCIDENT | | | $ | $ | $ | $ |
| BODILY INJURY LIABILITY | $ 100000 | EA PERSON | $ 300000 | EA ACCIDENT | $ *inc* | $ | $ | $ |
| PROPERTY DAMAGE LIABILITY | $ 50000 | EA ACCIDENT $ | | DEDUCTIBLE | $ *inc* | $ | $ | $ |
| PERSONAL INJURY PROTECTION | $ | DED APPLIES TO: | NAMED INS ONLY | NAMED INS & DEPENDENT RESIDENT RELATIVE | $ | $ | $ | $ |
| | DEDUCTIBLE: | $250 | $500 | $1000 | $2000 | | | |
| | WORK LOSS EXCL: | NAMED INSURED ONLY | NAMED INS & DEPENDENT RESIDENT RELATIVE | | | | | |
| | MILITARY BENEFITS COORD: | INCLUDE WORK LOSS | EXCLUDE WORK LOSS | | | | | |
| EXTENDED PIP | INCLUDE WORK LOSS | EXCLUDE WORK LOSS | | | | | | |
| ADDITIONAL PIP | OPTION#: | $ | INCLUDE WK LOSS | EXCLUDE WK LOSS | $ | $ | $ | $ |
| MEDICAL PAYMENTS | $ | EA PERSON | | | $ | $ | $ | $ |
| UNINS MOTORIST | STKD | X NON-STKD | BI $10000 | EA PERSON $20000 | EA ACCIDENT | $ *inc* | $ | $ | $ |
| COMPREHENSIVE | DED | $ 250 | $ | $ | $ | $ *inc* | $ | $ | $ |
| COLLISION | DED | $ 250 | $ | $ | $ | $ *inc* | $ | $ | $ |
| ACV UNLESS AMOUNT STATED | $ | $ | $ | $ | $ | $ | $ | $ |
| TOWING & LABOR | $ | $ | $ | $ | $ | $ | $ | $ |
| TRANS EXP/RENTAL RE | $ / | $ / | $ / | $ / | $ | $ | $ | $ |

ADDITIONAL COVERAGES/ENDORSEMENTS (Include limit, deductible, premium)

TOTAL PER VEHICLE $738.00 | $ | $ | $

| ESTIMATED TOTAL | DEPOSIT | BALANCE DUE |
|---|---|---|
| $ 738.00 | $ 148.00 | $ |

## RESIDENT & DRIVER INFORMATION [List all residents & dependents (licensed or not) and regular operators]

| # | NAME | SEX | MAR STAT | REL TO APPLIC | DATE OF BIRTH | OCC | DATE LIC | STDT >100 | GOOD STDT | DRV TRAIN | ACC PREV CSE DATE | DRIVERS LICENSE #/LIC STATE | SOCIAL SECURITY # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | John A Roland | M | M | – | 10/15/56 | | | | | | | R453461563750  FL | 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 |

## ACCIDENTS/CONVICTIONS (Note: Your driving record is verified with the state motor vehicle department)

HAS ANY DRIVER SHOWN ABOVE HAD AN ACCIDENT, REGARDLESS OF FAULT, OR BEEN CONVICTED OF A MOVING VIOLATION WITHIN THE LAST 3 YEARS? YES | X NO | IF YES, INDICATE BELOW. ALSO INCLUDE COMPREHENSIVE INSURANCE LOSSES.

| DRV # | DATE OF ACCIDENT/CONVICTION | DESCRIPTION OF ACCIDENT OR CONVICTION | PLACE OF ACCIDENT/CONVICTION | BI OR DEATH YES | NO | AMOUNT OF PROPERTY DAMAGE |
|---|---|---|---|---|---|---|
| 1 | 08/15/00 | AFA/hit OV SLIPPERY ROAD | | | | |

ACORD 90 FL (10/96) PLEASE COMPLETE REVERSE SIDE ~ ACORD CORPORATION 1981

## ADDITIONAL INTEREST

| VEH # | ADDL INT | NAME AND ADDRESS | Harl   Davidson Credit 4150 ▬chnology Way Carson City NV 89706 | LOAN NUMBER |
|---|---|---|---|---|
| 1 | LOSS PAY | | | |
| VEH # | ADDL INT | NAME AND ADDRESS | | LOAN NUMBER |
| | LOSS PAY | | | |

## EMPLOYMENT INFORMATION (* If less than 2 years, provide name of previous employer and previous occupation under Remarks)

| APPLICANT'S EMPLOYER | ADDRESS OF EMPLOYMENT | WORK PHONE NUMBER | YEARS W/ CURR EMPL* | YEARS W/ PREV EMPL. |
|---|---|---|---|---|
| CO-APPLICANT'S EMPLOYER | ADDRESS OF EMPLOYMENT | WORK PHONE NUMBER | YEARS W/ CURR EMPL.* | YEARS W/ PREV EMPL. |

## PRIOR COVERAGE

| PRIOR CARRIER AND PRODUCER none | # OF YEARS W/ COMPANY | PRIOR POLICY NUMBER/EXPIRATION DATE |
|---|---|---|

## GENERAL INFORMATION

| EXPLAIN ALL "YES" RESPONSES IN REMARKS | YES | NO | EXPLAIN ALL "YES" RESPONSES IN REMARKS | YES | NO |
|---|---|---|---|---|---|
| 1. WITH THE EXCEPTION OF ANY ENCUMBRANCES, ARE ANY VEHICLES NOT SOLELY OWNED BY AND REGISTERED TO THE APPLICANT? | | | 10. ANY DRIVERS LICENSE BEEN SUSPENDED/REVOKED? | | |
| | | | 11. ANY DRIVER HAVE PHYSICAL/MENTAL IMPAIRMENT? | | |
| 2. ANY CAR MODIFIED/SPECIAL EQUIPMENT? (Include customized vans/pickups) | | | 12. ANY FINANCIAL RESPONSIBILITY FILING? (Driver number and date of filing) | | |
| 3. ANY EXISTING DAMAGE TO VEHICLE? (Include damaged glass) | | | 13. HAS INSURANCE BEEN TRANSFERRED WITHIN AGENCY? | | |
| 4. ANY OTHER LOSSES INCURRED (not shown in Accident/Conviction area)? | | | 14. ANY COVERAGE DECLINED, CANCELLED, OR NON-RENEWED DURING THE LAST 3 YEARS? | | |
| 5. ANY CAR KEPT AT SCHOOL? | | | | | |
| 6. ANY CAR PARKED ON STREET? | | | 15. IS THIS BROKERED BUSINESS TO THE AGENT? | | |
| 7. ANY OTHER AUTO INSURANCE IN HOUSEHOLD? (Include any provided by employer) | | | 16. HAS AGENT INSPECTED VEHICLE? | | |
| 8. ANY OTHER INSURANCE WITH THIS COMPANY? (List policy number) | | | 17. ANY DRIVER 55 OR OLDER COMPLETE AN APPROVED MOTOR VEHICLE ACCIDENT PREVENTION COURSE? | | |
| 9. ANY HOUSEHOLD MEMBER IN MILITARY SERVICE? (Driver number) | | | | | |

## REMARKS

Experience - 15 YEARS

### ATTACHMENTS

| | |
|---|---|
| STATE SUPPLEMENT | |
| NO-FAULT APPLICATION | |
| YOUNG DRIVER QUESTIONNAIRE | |
| DRIVER TRAINING CERTIFICATE | |
| GOOD STUDENT CERTIFICATE | |
| ANTI-THEFT DEVICE CERTIFICATE | |
| MEDICAL STATEMENT | |
| MOTOR VEHICLE REPORT | |
| PHOTOGRAPH | |
| BILL OF SALE | |

FOR COMPANY USE ONLY

## BINDER/SIGNATURE

| INSURANCE BINDER | | IF THE "BINDER" BOX TO THE LEFT IS COMPLETED, THE FOLLOWING CONDITIONS APPLY: |
|---|---|---|
| EFFECTIVE DATE | EXPIRATION DATE | THIS COMPANY BINDS THE KIND(S) OF INSURANCE STIPULATED ON THIS APPLICATION. THIS INSURANCE IS SUBJECT TO THE TERMS, CONDITIONS AND LIMITATIONS OF THE POLICY(IES) IN CURRENT USE BY THE COMPANY. |
| TIME | 12:01 AM | THIS BINDER MAY BE CANCELLED BY THE COMPANY BY NOTICE TO THE INSURED IN ACCORDANCE WITH THE POLICY CONDITIONS. THIS BINDER IS CANCELLED WHEN REPLACED BY A POLICY. IF THIS BINDER IS NOT REPLACED BY A POLICY, THE COMPANY IS ENTITLED TO CHARGE A PREMIUM FOR THE BINDER ACCORDING TO THE RULES AND RATES IN USE BY THE COMPANY. THE QUOTED PREMIUM IS SUBJECT TO VERIFICATION AND ADJUSTMENT, WHEN NECESSARY, BY THE COMPANY. |
| | NOON | |
| COVERAGE IS NOT BOUND | | |

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD, OR DECEIVE ANY INSURER FILES A STATEMENT OF CLAIM OR AN APPLICATION CONTAINING ANY FALSE, INCOMPLETE, OR MISLEADING INFORMATION IS GUILTY OF A FELONY OF THE THIRD DEGREE.

APPLICANT'S STATEMENT: I HAVE READ THE ABOVE APPLICATION AND I DECLARE THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF ALL OF THE FOREGOING STATEMENTS ARE TRUE. IN ADDITION, IF THE FLORIDA AUTOMOBILE JOINT UNDERWRITING ASSOCIATION (JUA) OR COMPANY DESIGNATED IN THIS APPLICATION IS NON-STANDARD, I CERTIFY THAT I UNDERSTAND THE RATES FOR THIS COVERAGE ARE HIGHER THAN NORMAL, AND THAT THEY ARE ACCEPTABLE TO ME AS I HAVE BEEN UNABLE TO OBTAIN COVERAGE DESIRED THROUGH THE NORMAL INSURANCE MARKET.

| PRODUCER'S STATEMENT: I CERTIFY TO THE BEST OF MY KNOWLEDGE AND BELIEF THAT THE SIGNATURE OF THE APPLICANT IS THE PERSONAL SIGNATURE OF THE APPLICANT. | HOW LONG HAVE YOU KNOWN THE APPLICANT? |
|---|---|

I UNDERSTAND AND ACKNOWLEDGE THAT I HAVE BEEN OFFERED THE FOLLOWING UNINSURED MOTORIST OPTIONS: 1) STACKED UNINSURED MOTORIST COVERAGE  2) NON-STACKED UNINSURED MOTORIST COVERAGE  3) LIMITS EQUAL TO MY BODILY INJURY (BI) LIMITS  4) LIMITS LOWER THAN MY BI LIMITS, BUT NOT LESS THAN $10,000/$20,000  5) REJECTION OF THE COVERAGE COMPLETELY.

I HAVE ELECTED TO PURCHASE THE COVERAGE AND LIMITS SHOWN ON THE DECLARATIONS PAGE. IF I HAVE SELECTED OPTIONS 2, 4 OR 5, THEN I HAVE ALSO SIGNED THE STATE SUPPLEMENT FOR REJECTION OF UNINSURED MOTORIST COVERAGE AND/OR NON-STACKED COVERAGE.

I UNDERSTAND THAT THE COVERAGE SELECTION AND LIMIT CHOICES INDICATED HERE OR IN ANY STATE SUPPLEMENT WILL APPLY TO ALL FUTURE POLICY RENEWALS, CONTINUATIONS AND CHANGES UNLESS I NOTIFY YOU OTHERWISE IN WRITING.

| APPLICANT'S SIGNATURE | John a Raland | DATE (MM/DD/YY) 10/26/00 | PRODUCER'S SIGNATURE | Renee |
|---|---|---|---|---|

ACORD 90 FL (10/96)

## GUIDEONE - FLORIDA MOTORCYCLE SUPPLEMENT

HOME OFFICE USE ONLY

| POLICY# | CASH | STATE | PREM. FINANCE | DIS/SUR E A O D |
|---------|------|-------|---------------|-----------------|
|         |      |       |               |                 |
|         |      |       |               |                 |
|         |      |       |               |                 |

Producer       JB

Applicant:   John A. Roland
Policy #      ROLAJO2
Effective Date     10/15/00

Where is cycle kept at night?        X    Garage        Street        Yard        Other?

Operator's experience on any motorcycle?        15    Years                Months

Operator's experience on motorcycle 625cc or larger?        Years                Months

Are all licenses valid for motorcycles?        Yes

Is this unit a 3-wheel conversion?    No    Manufacturer?

Do you live inside city limits?

## SIGNATURES

OPERATORS – Policy coverage may be void if loss occurs while insured cycle is being operated by an unlisted operator who resides in the named insured's household.

A Minimum Written and a Minimum Retained Premium of $45 applies to all policies. Cancellation by insured will be on an accelerated short rate basis.

Dishonored checks are not considered payment of premium. In such cases no coverage is provided.

If rejections are not signed, coverage will be automatically added to the policy and a premium will be charged.

By my signature I hereby represent that I have read and understand this application for insurance and that all information is correct to the best of my knowledge.

NAMED INSURED'S SIGNATURE X:   _John A Roland_

DATE_____ TIME: _____ ☐ A.M. ☐ P.M.

**GUIDEONE - FLORIDA**

Named Insured_____
Policy Number_____

## UNINSURED MOTORIST
### NOTICE OF REJECTION OF UNINSURED MOTORISTS/
### SELECTION OF LOWER COVERAGE LIMITS

**YOU ARE ELECTING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PRO-TECTS YOU AND YOUR FAMILY OR YOU ARE PURCHASING UNINSURED MOTORISTS LIMITS LESS THAN YOUR BODILY INJURY LIABILITY LIMITS WHEN YOU SIGN THIS FORM. PLEASE READ CAREFULLY.**

Uninsured Motorist coverage provides for payment of certain benefits for damages caused by owners or operators of uninsured motor vehicles because of bodily injury or death resulting therefrom. Such benefits may include payments for certain medical expenses, lost wages, and pain and suffering, subject to limitations and conditions contained in the policy. For the purpose of this coverage, an uninsured motor vehicle may include a motor vehicle as to which the bodily injury limits are less than your damages.

Florida law requires that automobile liability policies include Uninsured Motorist coverage at limits equal to the Bodily Injury Liability Limits in your policy unless you select a lower limit offered by the Company, or reject Uninsured Motorists entirely.

Please indicate whether you desire to entirely reject Uninsured Motorist coverage, select limits equal to your Bodily Injury Limits, or whether you desire this coverage at limits lower than the Bodily Liability limits of your policy.

### Choose only ONE of the following options:

☐ I hereby reject Uninsured Motorist coverage. SIGNATURE:_____ DATE:_____
or

☐ I hereby select Uninsured Motorists limits equal to my Bodily Injury Liability limits. (If you select this option disregard the bold face statement above). SIGNATURE:_____ DATE:_____

or

☐ I hereby select the following Uninsured Motorists limits which are lower than my Bodily Injury limits.

☐ $10,000/$20,000          ☐ $50,000/$100,000
☐ $25,000/$50,000          ☐ $100,000/$300,000

SIGNATURE: *John  A  Roland*          DATE: *10/26/00*

## SELECTION OF NON-STACKED UNINSURED MOTORISTS COVERAGE
### (Do not complete if you have rejected Uninsured Motorist Coverage)

Pursuant to and in accordance with Florida Statute Section 627.727(9) you have the option to purchase, at a reduced rate, a limited type of Uninsured Motorist coverage. Under this form, the coverage provided as to two or more motor vehicles shall not be added together to determine the limit of insurance coverage available to an injured person from any one accident except, if the injured person is occupying a motor vehicle which is not owned by him or by a family member residing with him, he is entitled to the highest limits of uninsured motorist coverage afforded for any one vehicle as to which he is a named insured or insured family member. Such coverage shall be excess over the coverage on the vehicle he is occupying. Except as noted above, if at the time of the accident the injured person is occupying a motor vehicle, the uninsured motorists coverage available to him is the coverage available as to that motor vehicle. If, at the time of the accident the injured person is not occupying a motor vehicle, he is entitled to select any one limit of uninsured motorists coverage for any one vehicle afforded by a policy under which he is insured as a named insured or as an insured resident to the named insured's household. The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.

This policy will not apply if you select the coverage available under any other policy issued to you or the policy of any other family member who resides with you.

If you do not elect to purchase the non-stacked form, your policy limit(s) for each motor vehicle are added together (stacked) for all covered injuries. Thus, your policy limits would automatically change during the policy term if you increase or decrease the number of autos covered under this policy.

I hereby elect the non-stacked form of Uninsured Motorist coverage. I understand and agree that selection of the above option applies to my liability insurance policy and future renewals or replacements of such policy which are issued at the same Bodily Injury Liability limits. If I decide to select another option at some future time, I must let the Company or my agent know in writing.

SIGNATURE: *John  A  Roland*          DATE: *10/26/00*



## GuideOne
### Insurance

# GuideOne Specialty Mutual Insurance Company

**1111 Ashworth Road ● P.O. Box 65600 ● West Des Moines, Iowa 50265-0600**
**Telephone: 515-267-2000**

### These Policy Provisions With Declarations Page and Attached Endorsements Complete This Policy.

## MOTORCYCLE POLICY

### NON-ASSESSABLE
### POLICY PROVISIONS -- MOTORCYCLE POLICY

## MOTORCYCLE POLICY
## INDEX OF POLICY PROVISIONS

**WHAT TO DO IN CASE OF A MOTORCYCLE ACCIDENT OR LOSS**
Notice of Accident or Loss ... 1
Other Duties ... 1

**AGREEMENT AND DEFINITIONS**
Policy Agreement ... 2
Definitions Used Throughout this Policy ... 2

**PART I -- LIABILITY**
Coverage A -- Liability Coverage ... 2
Additional Payments ... 2
Exclusions ... 2
Conformity With Financial Responsibility Laws ... 3
Out-of-State Insurance ... 3
Limits of Liability ... 3
Other Insurance ... 3

**PART II -- PHYSICAL DAMAGE**
Coverage B -- Physical Damage Coverage ... 3
Additional Definitions Used in this Part Only ... 3
Exclusions ... 4
Limits of Liability ... 4

No Benefit to Bailee ... 4
Other Insurance ... 4

**PART III -- EXPENSES FOR MEDICAL SERVICES**
Coverage C -- Medical Payments Coverage ... 4
Additional Definitions Used in this Part Only ... 4
Exclusions ... 4
Limits of Liability ... 5
Payment of Expenses ... 5

**PART IV -- GENERAL PROVISIONS**
Policy Period, Territory ... 5
Changes ... 5
Suit Against Us ... 5
Our Recovery Rights ... 5
Assignment ... 5
Cancellation or Non-Renewal of this Policy ... 5
Declarations ... 5
Payment of Loss; Action Against Us ... 5
Bankruptcy ... 5
Non-Assessable Policy ... 5
Membership, Notice of Annual Meeting ... 6

## WHAT TO DO IN CASE OF A MOTORCYCLE ACCIDENT OR LOSS

### NOTICE OF ACCIDENT OR LOSS

Notice must be given to **us** promptly. The notice must give the time, place and circumstances of the accident or loss, including the names and addresses of injured persons and witnesses.

### OTHER DUTIES

A person claiming any coverage under this policy must also:

1. Take reasonable steps after loss to protect the **motorcycle** and its equipment from further loss. **We** will pay reasonable expenses incurred in providing that protection.

2. Promptly report any theft to the police.

3. Provide any written proofs of loss **we** require.

4. Send **us** immediately any legal papers received relating to any claim or suit.

5. Allow **us** to inspect and appraise the damaged **motorcycle** before its repair or disposal.

6. Submit to examination under oath and produce all pertinent records **we** request.

7. Cooperate with **us** and assist **us** in any matter concern a claim or suit. The **insured person** shall not, except the **insured person's** own cost, voluntarily make an payment, assume any obligation or incur expenses othe than for first aid expense at the time of the accident o loss.

## AGREEMENT AND DEFINITIONS

### POLICY AGREEMENT

**We** agree with **you**, in return for **your** premium payment, to insure **your insured motorcycle** subject to all the terms of this policy. **We** will insure **you** for the coverages and the Limits of Liability for which premium is shown in the Declarations.

### DEFINITIONS USED THROUGHOUT THIS POLICY

As used throughout this policy and shown in bold type:

1. **We, us** and **our** mean GuideOne Specialty Mutual Insurance Company.

2. **You** and **your** mean the "named insured" shown in the Declarations, and the spouse if living in the same household.

3. **Bodily injury** means bodily injury to a person and sickness, disease or death which results from it.

4. **Property damage** means damage to or destruction of property including loss of its use.

5. **Your insured motorcycle** means: The **motorcycle** described in the Declarations and any **motorcycle you** acquire ownership of if it replaces the **motorcycle** described in the Declarations. If **you** wish Coverage to apply to the replacement **motorcycle you** must notify us within 30 days of its acquisition.

6. **Motorcycle** means a two-wheeled motorized vehicle of the motorcycle, motor bike, moped or motor scooter type.

7. **Relative** means a person living in **your** household, related to **you** by blood, marriage or adoption, including a ward or foster child.

8. **Occupying** means in or upon, mounting, entering or alighting from **your insured motorcycle**.

9. **Insured person** or **insured persons** means **you** or any person using **your insured motorcycle** with **your** permission.

## PART I -- LIABILITY

### COVERAGE A -- LIABILITY COVERAGE

**We** will pay damages for which any **insured person** is legally liable because of **bodily injury** and **property damage** arising out of the ownership, maintenance or use of **your insured motorcycle**.

**We** will defend any suit or settle any claim for these damages. **We** will not defend or settle, however, after **our** limit of liability for this coverage has been exhausted.

### ADDITIONAL PAYMENTS

**We** will pay, in addition to our limit of liability:

1. All costs **we** incur in the settlement of any claim or defense of any suit.

2. Interest on damages awarded in any suit **we** defend, accruing after judgment is entered and before **we** have paid, offered to pay, or deposited in court that portion of the judgment which is not more than **our** limit of liability.

3. Premiums on appeal bonds and attachment bonds required in any suit **we** defend. But, **we** will not pay the premium for attachment bonds that is more than **our** limit of liability.

4. Any charge not exceeding $100 for a bail bond required due to a traffic law violation or accident producing **bodily injury** or **property damage** covered by this policy. **We** have no obligation to apply for or furnish a bond.

5. Expenses incurred by **you** for immediate medical treatment for others necessary at the time of the accident resulting in **bodily injury** covered by this policy.

6. Other reasonable expenses incurred at **our** request.

### EXCLUSIONS

This coverage does not apply to:

1. **Bodily injury** to any person **occupying your insured motorcycle**.

2. **Bodily injury** or property damage arising out of liability assumed by an **insured person** under any contract or agreement.

3. **Bodily injury** to an employee of an **insured person** arising in the course of employment. But, coverage does apply to a domestic employee unless benefits are payab or are required to be provided for the domestic employe under a workers' compensation law or similar law.

4. Damage to property owned or being transported by an **insured person**.

5. Damage to property rented to, or in charge of an **insured person**.

6. **Bodily injury** or **property damage** arising out of a motor vehicle sales or service business. But, coverage does apply to the ownership maintenance or use of **your insured motorcycle** in that business by **you** or a **relative**.

7. **Bodily injury** or **property damage** caused intentionally by or at the direction of an **insured person**.

8. **Bodily injury** or **property damage** for which an **insured person** is insured under nuclear energy liability insurance. This exclusion applies even if the limits of that insurance are exhausted.

9. **Bodily injury** or **property damage** resulting from the abandonment of **your insured motorcycle** by an **insured person**.

10. **Bodily injury** or **property damage** arising out of the ownership maintenance or use of **your insured motorcycle** when used to carry persons or property for a charge.

11. **Bodily injury** or **property damage** arising out of the use of **your insured motorcycle** in, or in preparation for, any race, speed contest, hill climbing exhibition or any other contest or demonstration.

## CONFORMITY WITH FINANCIAL RESPONSIBILITY LAWS

When **we** certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the coverage required by the law.

## OUT OF STATE INSURANCE

If an **insured person** becomes subject to the financial responsibility law or the compulsory insurance law or similar laws of another state, territory or province because of the ownership, maintenance or use of **your insured motorcycle** in that state, territory or province, **we** will interpret this policy to provide any broader coverage required by those laws. But, any broader coverage so afforded shall be reduced to the extent that other liability insurance applies. No person may, in any event, collect more than once for the same elements of loss.

## LIMITS OF LIABILITY

The limits of liability shown in the Declarations apply subject to the following:

1. The **bodily injury** liability limit of "each person", is the maximum amount payable for **bodily injury** sustained by one person in any one accident or loss.

2. Subject to the **bodily injury** liability limit for "each person", the **bodily injury** liability limit for each accident or loss is the maximum amount payable for **bodily injury** sustained by two or more persons in any one accident or loss.

3. The **property damage** liability limit for "each accident" is the maximum amount payable for all damages to all property in any one accident or loss.

**We** will pay no more than these maximums regardless of the number of **insured persons**, claims, claimants or policies or vehicles involved in an accident or loss. Any amount payable under this coverage to or for an injured person may be reduced by any payment made to that person under any Uninsured Motorists or Underinsured Motorists Endorsement attached to this policy.

## OTHER INSURANCE

If there is other insurance that covers **your** loss, **we** will pay only that proportion of the loss that **our** limit of liability bears to the total limits of all applicable insurance.

## PART II -- PHYSICAL DAMAGE

## COVERAGE B -- PHYSICAL DAMAGE COVERAGE

**We** will pay for direct and accident loss or damage to **your insured motorcycle**, including its standard factory provided equipment, caused:

1. By a **comprehensive** loss; or

2. By **collision** with another object or by upset of the motorcycle;

Less any applicable deductibles. The deductibles shall not apply to loss due to a collision of **your insured motorcycle** with another vehicle insured by **us**.

**We** may pay the loss in money or repair or replace damaged or stolen property. **We** may, at any time before the loss is paid or the property is replaced, return at **our** expense, any stolen property either to **you** or to the address shown in the Declarations, with payment for the resulting damage. **We** may keep all or part of the property at the agreed or appraised value.

Both **you** and **we** may demand appraisal of the loss. Each will appoint and pay a competent and disinterested appraiser and will equally share other appraisal expenses. The appraisers or a judge of a court having jurisdiction, will select an umpire to decide any differences. Each appraiser will state separately the actual cash value and the amount of loss. An award in writing by any two appraisers will determine the amount payable.

## ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

As used in this Part:

1. **Comprehensive** means loss to **your insured motorcycle** not caused by **collision**.

2. **Collision** means loss resulting from **collision** of **your insured motorcycle** with another object or upset of **your insured motorcycle**. However, loss caused by the following are not considered **collision**: (1) Missiles or falling objects; (2) Fire; (3) Theft or larceny; (4) Explosion or earthquake; (5) Windstorm; (6) Hail, water or flood; (7) Malicious mischief or vandalism; or (8) Riot or civil commotion.

### EXCLUSIONS

This coverage does not apply to loss:

1. To **your insured motorcycle**, while it is being driven or operated in any spontaneous or pre-arranged race, speed contest, hill-climbing contest or any other competitive event of any kind.

2. Caused by war (declared or undeclared), civil war, insurrection, revolution or any consequence of any of these.

3. To **your insured motorcycle** if it is subject to any bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance not specifically declared and described in this policy.

4. Resulting from wear and tear, freezing, mechanical or electrical breakdown unless such damage is the result of other loss covered by this policy.

5. To **your insured motorcycle** while in the care, custody or control of anyone for purpose of sale.

6. To tires unless (a) stolen, or damaged by fire; or (b) other loss covered by this part happens at the same time.

7. To **your insured motorcycle** due to conversion, embezzlement or secretion by any person in possession of the motorcycle under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance.

8. Due to confiscation of **your insured motorcycle** by government or civil authority.

9. To **your insured motorcycle** arising out of its use in any unlawful trade or transportation.

10. To any optional or added equipment or parts not included as standard or basic by the manufacturer of **your insured motorcycle** unless specifically shown in the Declarations or added by endorsement to this policy.

11. To loss due to nuclear reaction, radiation or radioactive contamination.

12. To **your insured motorcycle** resulting from its abandonment by an **insured person**.

### LIMITS OF LIABILITY

**Our** limit of liability for loss shall not exceed the lesser of (a) the actual cash value of the stolen or damaged property or (b) the amount necessary to repair or replace the property with like kind and quality with deduction for depreciation.

### NO BENEFIT TO BAILEE

This coverage shall not directly or indirectly benefit any carrier or other bailee for hire liable for loss to **your insured motorcycle**.

### OTHER INSURANCE

If there is other insurance that covers **your** loss, **we** will pay only that proportion of the loss that our limit of liability bears to the total limits of all applicable insurance, less the deductible.

---

## PART III -- EXPENSES FOR MEDICAL SERVICES

### COVERAGE C -- MEDICAL PAYMENTS COVERAGE

**We** agree to pay to or on behalf of the operator and one **insured passenger** all reasonable expenses **actually incurred** within one year of the date of the accident for necessary **medical services** for **bodily injury** sustained while **upon the insured motorcycle while operated by you** or with **your** permission.

### ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

As used in this part:

1. **Insured passenger** means the one person seated immediately to the rear of the operator on a seat for two persons or a separate seat for one person.

2. **Medical services** means medical and dental service, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral services.

3. **Expenses actually incurred** means expenses for medical services in excess of those payable under (a) individual, blanket or group accident, disability or hospitalization insurance, (b) medical, surgical or hospital benefit, service or reimbursement plan, or (c) automobile or premises insurance affording benefits for medical expenses.

4. **Upon the insured motorcycle** means astride the motorcycle with the engine in operation.

### EXCLUSIONS

This coverage does not apply to **bodily injury** to any person occurring during the course of employment if benefits are payable or must be provided under workers' compensation law or disability benefits law or similar law.

## LIMITS OF LIABILITY

**Our** limit of liability and deductible for this coverage shall be as stated in the Declarations.

## PAYMENT OF EXPENSES

**We** may pay the injured person or any person or organization rendering the services. Such payment shall reduce the amount payable for such injury. Payment shall not constitute an admission of liability of any person or of **us.**

## PART IV -- GENERAL PROVISIONS

### POLICY PERIOD, TERRITORY

This policy applies only to direct and accidental losses during the policy period shown in the Declarations while **your insured motorcycle** is within the United States of America, its territories or possessions, or Canada, or between their ports.

### CHANGES

This policy and the Declarations include all the agreements between **you** and **us** relating to this insurance. No change or waiver may be effected in this policy except by endorsement issued by **us**. If a premium adjustment is necessary **we** will make the adjustment as of the effective date of the change. When **we** broaden coverage during the policy period without charge, the policy will automatically provide the broadened coverage when effective in **your** state.

### SUIT AGAINST US

**We** may not be sued by an **insured person** unless there is full compliance with all the terms of this policy. **We** may not be sued under the Liability Coverage until the obligation of an **insured person** to pay is finally determined either by judgment against the **insured person** after actual trial or by written agreement of the **insured person**, the claimant and **us**. No one shall have any right to make **us** a party to a suit to determine the liability of an **insured person.**

### OUR RECOVERY RIGHTS

When **we** make payments under this policy, **we** are entitled to all the rights of recovery to the extent of payment. Any person making recovery must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights and do nothing after loss to prejudice **our** rights.

When a person has been paid damages by **us** and also recovers from another, that amount shall be held in trust for **us** and reimbursed to **us** to the extent of **our** payment.

### ASSIGNMENT

Interest in this policy may not be assigned without **our** written consent. If **you** die the policy will cover:

1. The survivor;

2. The legal representative of the deceased person while acting within the scope of duties of a legal representative; and

3. Any person having proper custody of **your insured motorcycle** until a legal representative is appointed.

### CANCELLATION OR NONRENEWAL OF THIS POLICY

**You** may cancel this policy by returning it to **us** or by advising **us** in writing when at a future date the cancellation is to be effective.

**We** may cancel by mailing notice of cancellation to **you** at the address shown in the Declarations or by delivering the notice not less than 10 days prior to the effective date of cancellation. The mailing of notice is proof of notice.

**We** will comply with requirements of your state regarding cancellation, termination or nonrenewal of this policy.

Upon cancellation **you** may be entitled to a premium refund; if so, **we** will send it to **you** but **our** making or offer of a refund is not a condition of cancellation. If **you** cancel, the refund will be computed in accordance with the customary short rate table and procedure. If **we** cancel, the refund will be computed on a pro rata basis. The effective date of cancellation stated in a notice is the end of the policy period.

### DECLARATIONS

By acceptance of this policy **you** agree that the statements in the Declarations and application are **your** agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between **you** and **us** or any of **our** agents relating to this insurance.

### PAYMENT OF LOSS; ACTION AGAINST US

Payment for loss may not be required nor shall action lie against **us** unless **you** have fully complied with all the terms of this policy nor until thirty days after proof of loss is filed and the amount of loss is determined.

### BANKRUPTCY

**We** are not relieved of **our** obligation because of the bankruptcy or insolvency of any **insured person.**

### NON-ASSESSABLE POLICY

This policy is non-assessable. **You** are not subject to contingent liability, nor liable to assessment.

**MEMBERSHIP, NOTICE OF ANNUAL MEETING**

While this policy is in force, **you** are a member of GuideOne Specialty Mutual Insurance Company of West Des Moines, Iowa. **You** are entitled to vote either in person or by proxy at all meetings of **our** Company. The Annual Meeting is held at **our** Home Office in West Des Moines, Iowa on the third Friday in January, in each year at 2:00 p.m.

This policy is signed at West Des Moines, Iowa, on behalf of GuideOne Specialty Mutual Insurance Company by our President and Secretary. It is countersigned on the Declarations page by our authorized representative.

GuideOne Specialty Mutual Insurance Company

President

Secretary

3835
(Ed. 11-96)

# PASSENGER LIABILITY COVERAGE ENDORSEMENT
# (MOTORCYCLE POLICY)

## INSURING AGREEMENT

We will pay those sums any **insured person** is legally obligated to pay as damages for **bodily injury** to a **passenger** caused by accident arising out of the ownership, maintenance or use of **your insured motorcycle.**

## LIMITS OF LIABILITY

The limits of liability shown in the Declarations under Passenger Liability apply subject to the following:

1. The **bodily injury** liability limit of "each person" is the maximum amount payable for **bodily injury** sustained by one person in any one accident or loss.

2. Subject to the **bodily injury** liability limit for "each person," the **bodily injury** liability limit for each accident or loss is the maximum amount payable for **bodily injury** sustained by two or more persons in any one accident or loss.

The Passenger Liability limits are not in addition to the limits of liability stated in the Declarations of the policy applicable to Coverage A -- Bodily Injury Liability.

We will pay no more than these maximums regardless of the number of **insured persons,** claims, claimants or policies or vehicles involved in an accident or loss. Any amount payable under this coverage to or for an injured person may be reduced by any payment made to that person under any Uninsured Motorists Endorsement attached to this policy.

## ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT ONLY

For the purpose of this liability coverage, **passenger** shall mean any person who is in or upon, mounting, entering, or alighting from **your insured motorcycle.** In no event shall **we** make payment to or on behalf of a **passenger** for their own **bodily injury** expenses resulting from their own actions or negligence.

## ADDITIONAL APPLICABLE POLICY PROVISIONS

The coverage afforded by this endorsement shall also be subject to the provisions of the policy that are applicable to "Part I -- Liability" except item 1 under "Exclusions" and the "Limits of Liability" provisions of the policy.

This endorsement forms a part of the policy to which it is attached or the policy designated in the Declarations to which it is attached and is effective on the same date and hour stated in the Declarations.

1724
(Ed. 5-99)

# LIABILITY COVERAGE EXCLUSION ENDORSEMENT

**LIABILITY COVERAGE**

The following exclusion is added to **PART I**:

This coverage does not apply to Liability Coverage for any person for **bodily injury** to **you** or any **relative**.

This endorsement forms a part of the policy to which it is attached or the policy designated in the Declarations to which it is attached and is effective on the same date and hour stated in the Declarations.

1724
Page 1 of 1

3857
(Ed. 5-99)

# AMENDATORY ENDORSEMENT
## EXEMPLARY OR PUNITIVE DAMAGE EXCLUSION

| NOTICE |
| --- |
| THIS IS AN EXCLUSION OF COVERAGE FOR EXEMPLARY OR PUNITIVE DAMAGES. |

Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages.

This endorsement forms a part of the policy to which it is attached or the policy designated in the Declarations to which it is attached and is effective on the same date and hour stated in the Declarations.

3857
Page 1 of 1

5701
(Ed. 10-99)

# AMENDMENT OF POLICY PROVISIONS -- FLORIDA

## THE ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**I.   PART II -- Physical Damage**

Part II -- Physical Damage is replaced with the following:

### PART II— PHYSICAL DAMAGE

#### INSURING AGREEMENT

**We** will pay for direct and accidental loss to **your insured motorcycle** including its standard factory provided equipment, minus any applicable deductible shown in the Declarations. If loss to more than one **your insured motorcycle** results from the same **collision**, only the highest applicable deductible will apply. **We** will pay the loss to **your insured motorcycle** caused by:

1.  A **comprehensive** loss only if the Declarations indicates that **Comprehensive** Coverage is provided for that **motorcycle**.

2.  **Collision** only if the Declarations indicates that Collision Coverage is provided for that **motorcycle**.

Item 2 under the section entitled **ADDITIONAL DEFINITIONS USED IN THIS PART ONLY** is replaced by the following:   .

**Collision** means the upset of **your insured motorcycle** or its impact with another vehicle or object.

Loss caused by the following is considered **Comprehensive**:

1.  Missiles or falling objects;

2.  Fire;

3.  Theft or larceny;

4.  Explosion or earthquake;

5.  Windstorm;

6.  Hail, water or flood;

7.  Malicious mischief or vandalism;

8.  Riot or civil commotion;

9.  Contact with bird or animal; or

10. Breakage of glass.

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision**.

**We** may pay the loss in money or repair or replace damaged or stolen property. **We** may, at any time before the loss is paid or the property is replaced, return at **our** expense, any stolen property either to **you** or to the address shown in the Declarations, with payment for the resulting damage. **We** may keep all or part of the property at the agreed or appraised value.

#### APPRAISAL

If **we** and **you** do not agree on the amount of loss, either may demand an appraisal of the loss. Upon notice of a demand for appraisal, the opposing party may, prior to appraisal, demand mediation of the dispute in accordance with the Mediation provision contained in **Part IV** of the policy. The mediation must be completed before a demand to appraisal can be made.

In the event of a demand for appraisal, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1.  Pay its chosen appraiser; and

2.  Bear the expenses of the appraisal and umpire equally.

**We** do not waive any of **our** rights under this policy by agreeing to an appraisal.

## LIMIT OF LIABILITY

The limit of liability is amended as follows:

A. **Our** limit of liability for loss will be the lesser of the:

   1. Actual cash value of the stolen or damage property; or

   2. Amount necessary to repair or replace the property with other property of like kind and quality.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

The amount necessary to repair or replace is determined by one of the following:

   1. The amount to repair or replace agreed upon by **you** and us;

   2. A competitive bid approved by us; or

   3. A written estimate based upon the prevailing competitive price. The prevailing competitive price means prices charged by a majority of repair facilities in the area where **your insured motorcycle** is to be repaired. At your request, **we** will identify some facilities that perform the repairs at the prevailing competitive price. **We** will include in the estimate parts sufficient to restore **your insured motorcycle** to its condition at the time of loss.

II. **Part IV — General Provision**

Part IV is amended as follows:

A. The Cancellation or Nonrenewal of this policy provision is deleted and replaced with the following:

## CANCELLATION OR NONRENEWAL OF THIS POLICY

### Cancellation

This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   a. Returning this policy to us; or

   b. Giving us advance written notice of the date cancellation is to take effect.

2. The named insured may cancel for any reason after this policy is in effect for 60 days.

3. If this is a new policy, **we** will not cancel for nonpayment of premium during the first 60 days following the date of issuance. However, **we** may cancel if a check used to pay us is dishonored for any reason.

4. After this policy is in effect for 60 days, **we** will cancel only:

   a. For nonpayment of premium; or

   b. If your driver's license or that of your spouse if living in the same household has been suspended or revoked. This is must have occurred during:

     (1) The policy period; or

     (2) The 180 days immediately preceding the original effective date of the policy; or

   c. If the policy was obtained through material misrepresentation or fraud.

5. Except as provided in Section 6., **we** may cancel by mailing by registered or certified mail or United States Post Office proof of mailing to the named insured shown in the Declarations at the address shown in the policy:

   a. At least 10 days if cancellation is for nonpayment of premium; or

   b. At least 45 days notice in all other cases.

6. In the event **we** determine that you have been charged an incorrect premium for coverage requested in your application for insurance, **we** shall immediately mail you notice of any additional premium due us. If within 15 days of the notice of additional premium due (or a longer

time period specified in the notice), you fail to either:

a. Pay the additional premium and maintain this policy in full force under its original terms; or

b. Cancel this policy and demand a refund of any unearned premium;

Then this policy shall be cancelled effective 15 days from the date of the notice (or a longer time period as specified in the notice).

## Nonrenewal

If **we** decide not to renew or continue this policy **we** will mail advance notice to the named insured shown in the Declarations at the address shown in this policy at least 45 days before the end of the policy period. Notice will be mailed by registered or certified mail or United States Post Office proof of mailing. Subject to this notice requirement, if the policy period is:

1. Less than 6 months, **we** will have the right not to renew or continue this policy ever 6 months, beginning 6 months after its original effective date.

2. 6 months or longer, but less than one year, **we** will have the right not to renew or continue this policy at the end of the policy period.

3. 1 year or longer, **we** will have the right not to renew or continue this policy at each anniversary of its original effective date.

**We** will not refuse to renew or continue this policy solely because:

1. You were convicted of one or more traffic violations which did not involve an accident or cause revocation or suspension of your driving privilege unless you have been convicted of, or plead guilty to:

a. Two such traffic violations within an 18 month period;

b. Three or more such traffic violations within a 36 month period; or

c. Exceeding the lawful speed limit by more than 15 miles per hour; or

2. **You** have had an accident. However, **we** may refuse to renew or continue this policy if, at the time of nonrenewal, **you** have had two or more at-fault accidents, or three or more accidents regardless of fault, within the current 3-year period.

## Automatic Termination

If **we** offer to renew or continue and **you** or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If **you** obtain other insurance on your insured motorcycle, any similar insurance provided by this policy will terminate as to that motorcycle on the effective date of the other insurance.

## Other Termination Provisions

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is cancelled, **you** may be entitled to a premium refund. If so, we will send **you** the refund. The premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

B. The following **Mediation** Provision is added:

## MEDIATION

If any claim filed with **us** for loss to **your** insured motorcycle, either party may demand mediation of the claim, prior to taking legal action, by filing a written request with the Department of Insurance on a form which may be obtained from the Department. The request must state

1. Why mediation is being requested; and

2. The issues in dispute which are to be mediated.

Only one mediation may be requested for each claim, unless all parties agree to further mediation. A party demanding mediation shall not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated.

The Department shall randomly select mediators. Each party may reject one mediator, either before or after the opposing side has rejected a mediator. The mediator will notify the parties of the date, time and place of the mediation conference, which will be held within 45 days of the request for mediation. The conference may be held by telephone, if feasible.

The mediation shall be conducted as an informal process and formal rules of evidence and procedure need not be observed. Participants must:

1. Have authority to make a binding decision; and

2. Mediate in good faith.

Costs of the mediation shall be shared equally by both parties unless the mediator determines that one party has not mediated in good faith.

C. The following **Fraud** Provision is added:

**FRAUD**

**We** do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

However, **we** will provide coverage to such **insured** for damages sustained by any person who has not made fraudulent statements or engaged in fraudulent conduct in such damages result from an accident which is otherwise covered under this policy.

D. The following provision is added:

**TWO OR MORE MOTORCYCLE POLICIES**

If this policy and any other motorcycle insurance policy issued to **you** by **us** apply to the same accident, the maximum limit of **our** liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

5702
(Ed. 10-99)

# UNINSURED MOTORISTS COVERAGE ENDORSEMENT (STACKED)
## FLORIDA

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

## DEFINITION

Throughout this endorsement, **Occupying** means in, upon, getting in, on, out or off.

## INSURING AGREEMENT

A. **We** will pay compensatory damages which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

  1. Sustained by an **insured person**; and

  2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us**.

B. **Insured person** as used in this endorsement means:

  1. **You** or any **relative**.

  2. Any other person **occupying your insured motorcycle**.

  3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person in **1.** or **2.** above.

C. **Uninsured motor vehicle** means a land motor vehicle or trailer of any type:

  1. To which no bodily injury liability bond or policy applies at the time of the accident.

  2. To which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for bodily injury under that bond or policy to an insured

is not enough to pay the full amount the **insured** is legally entitled to recover as damages.

  3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or causes an accident resulting in **bodily injury** without hitting:

  a. **You** or any **relative**;

  b. An insured motorcycle which **you** or any **relative** are **occupying**; or

  c. **Your insured motorcycle**.

If there is no physical contact with the hit-and-run vehicle, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claims under this or any similar coverage.

  4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring Company:

  a. Denies coverage; or

  b. Is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment:

  1. Owned by or furnished or available for the regular use of you or any **relative** unless it is **your insured motorcycle** to which **Part 1** of this policy applies and Liability Coverage is excluded for any person other than you or any **relative** for damages sustained in the accident by **you** or any **relative**.

  2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

  3. Owned by any governmental unit or agency.

  4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

A. **We** do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured person**:

1. If that **insured person** or the legal representative settles the **bodily injury** claim without our consent. However, this Exclusion **(A.1)** does not apply:

   a. If such settlement does not prejudice our right to recover payment; or

   b. To a settlement made with the insurer of a vehicle described in Section **2.** of the definition of **uninsured motor vehicle.**

2. While **occupying your insured motorcycle** when it is being used as a public or livery conveyance.

3. Using an **insured motorcycle** without a reasonable belief that that **insured person** is entitled to do so. This Exclusion **(A.3.)** does not apply to a **relative** using **your insured motorcycle** which is owned by you.

B. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

C. **We** do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

A. Our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident is the sum of the limits of liability shown in the Declarations for each person. Subject to this limit for each person, our maximum limit of liability for all damages arising out of **bodily injury** resulting from any one accident is the sum of the limits of liability shown in the Declarations for each

accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Motorcycles or premiums shown in the Declarations; or

4. Vehicles or motorcycles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A** of this policy;

2. No-fault coverage; and

3. **Part III** -- Expenses for Medical Services.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

## OTHER INSURANCE

If there is other applicable insurance similar to the insurance provided by this endorsement, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to an insured motorcycle you do not own shall be excess over any other collectible insurance similar to the insurance provided by this endorsement.

## ARBITRATION

A. If **we** and an **insured person** do not agree:

1. Whether that **insured person** is legally entitled to recover damages; or

2. As to the amount of damages; which are recoverable by that **insured person;**

From the owner or operator of an uninsured motor vehicle, then the matter may be:

1. Mediated, in accordance with the Mediation provision contained in Part **IV** of the policy, if the damages resulting from **bodily injury** are for $10,000 or less; or

2. Arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

If either party demands mediation, the mediation must be completed before arbitration can occur.

**B.** Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**C.** Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

**D.** Unless both parties agree otherwise, arbitration will take place in the county in which the insured person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured person** is legally entitled to recover damages; and

2. The amount of damages.

### FLORIDA ARBITRATION CODE

If we and an **insured person** agree to arbitration, the Florida Arbitration Code will not apply.

### ADDITIONAL DUTY

A person seeking Uninsured Motorists Coverage under Section **2.** of the definition of **uninsured motor vehicle** must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify is in writing by certified or registered mail of a tentative settlement

between the **insured person** and the insurer of the **uninsured motor vehicle** and allow us 30 days to advance payment of that **insured person** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **uninsured motor vehicle**.

### GENERAL PROVISIONS

Part **IV** is amended as follows:

**A.** The following is added to the **RECOVERY RIGHTS** Provision:

#### OUR RIGHT TO RECOVER PAYMENT

Our rights do not apply under Paragraph **A.** with respect to coverage under Section **2.** of the definition of **uninsured motor vehicle**. If we:

1. Have been given prompt written notice of a tentative settlement between an **insured person** and the insurer of an **uninsured motor vehicle**; and

2. Fail to advance payment to the **insured person** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **insured person** in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the **insured person** is entitled to recover under the provisions of Uninsured Motorists Coverage; and

2. We also have a right to recover the advanced payment.

**B.** The following Provision is added:

#### TWO OR MORE MOTORCYCLE POLICIES

1. This provision does not apply to Uninsured Motorists Coverage.

2. No one will be entitled to receive duplicate payment of the same elements of loss under Uninsured Motorists Coverage.

8300
(Ed. 2-98)

# HELMET COLLISION COVERAGE ENDORSEMENT
## (Motorcycle Policy)

This endorsement is subject to all applicable provisions of the policy except as modified herein:

We will pay up to **$400 per helmet**, without application of a deductible, for direct and accidental damage to helmets, owned by **you** or a **relative**, while being worn by an **insured person occupying your insured motorcycle.** The most **we** will pay in any one occurrence is $800 **regardless of how many persons have a loss.**

This coverage does not apply unless:

(1) Damage to the helmet occurs as a result of a **collision** loss that is covered by this policy or would be covered but for the application of the collision deductible, and

(2) **You** make the damaged helmet available for **our** inspection, and

This coverage does not apply to loss:

1. To any helmet not designed for motorcycle use.

2. To any custom paint on the helmet.

3. To radio transmitting or receiving equipment.

**We** have the right to repair or replace the damaged helmet and **we** have the right to salvage at our option.

Our limit of liability for loss shall not exceed the lesser of (1) the actual cash value of the damage helmet, (2) the amount necessary to repair or replace the helmet with like kind and quality with deduction for depreciation, (3) $400 per helmet, or (4) $800 regardless of how many persons have a loss.

This endorsement forms a part of the policy to which it is attached or the policy designated in the Declarations to which it is attached and is effective on the same date and hour stated in the Declarations.

8300
Page 1 of 1

8301
(Ed. 5-99)

# TOURIDER ULTRA/TRAVEL LOSS COVERAGE (T.L.C.) ENDORSEMENT

This endorsement is subject to all applicable provisions of the policy except as modified herein:

## TOWING AND EMERGENCY ROAD SERVICE COVERAGE

**We** will pay up to $300, without application of a deductible, for towing and emergency labor costs incurred each time **your insured motorcycle** is disabled while traveling on the roadway. **We** will only pay for labor performed at the place of disablement

## TRIP INTERRUPTION COVERAGE

**We** will pay up to $50 per day per person, without application of a deductible, for the reasonable cost of **your** and a **relative's** meals and lodging incurred during a necessary **Trip Interruption** resulting from a disablement of **your insured motorcycle. If your insured motorcycle** is not repairable at the scene of disablement, **we** will pay for the reasonable and necessary cost of transporting **you** and a **relative** to **your** principal place of residence. The most **we** will pay in any one occurrence is $300 regardless of how many persons have a loss. However, **we** will not pay more than $200 in any one occurrence for the cost of meals and lodging.

This coverage does not apply unless the disablement:

**(1)** Occurs more than 100 miles from **your** place of principal residence; and

**(2)** Results from a **comprehensive** or **collision** loss covered by this policy, or results in a towing and emergency labor cost claim covered by this policy.

Receipts for cost of meals, lodging and transportation are required to be provided to **us** for payment of **your** or a **relative's** claims.

**Trip Interruption** means the additional time required to be at the same city or location where the disablement occurred while awaiting repair or replacement of **your insured motorcycle.**

## MOTORCYCLE SAFETY APPAREL COVERAGE

(Subject to $50 deductible per occurrence)

**We** will pay, less a $50 deductible per occurrence, for direct and accidental damage to **apparel** owned and worn by **you** or a **relative** while occupying **your insured motorcycle.** The most **we** will pay in any one occurrence is $1,000 regardless of how many persons have a loss.

This coverage does not apply unless the damage to the **apparel** occurs as a result of a **collision** loss that is covered by this policy or would be covered but for the application of the **collision** deductible.

**Apparel** means motorcycle safety apparel, not including helmets, specifically designed to minimize injury resulting from motorcycle accidents.

**Our** limit of liability for loss shall not exceed the lesser of (1) the actual cash value of the damaged **apparel,** (2) the amount necessary to repair or replace the **apparel** with like kind and quality with deduction for depreciation, or (3) the above occurrence limit of $1,000.

This endorsement forms a part of the policy to which it is attached or the policy designated in the Declarations to which it is attached and is effective on the same date and hour stated in the Declarations.

## EXPLANATION OF THIS COVERAGE IMPROVEMENT

WE HAVE IMPROVED THE MOTORCYCLE SAFETY APPAREL COVERAGE BY INCREASING THE LIMIT OF INSURANCE FROM $500 TO $1,000. THE NEW, HIGHER LIMIT SHOULD ASSURE ADEQUATE COVERAGE FOR LOSSES THAT OCCUR IN REMOTE AREAS.

5703
(Ed. 10-99)

# UNINSURED MOTORISTS COVERAGE ENDORSEMENT (NON-STACKED) FLORIDA

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### DEFINITION

Throughout this endorsement, **Occupying** means in, upon, getting in, on, out or off.

### INSURING AGREEMENT

A. **We** will pay compensatory damages which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

   1. Sustained by an **insured person**; and

   2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us**.

B. **Insured person** as used in this endorsement means:

   1. **You** or any **relative**.

   2. Any other person **occupying your insured motorcycle**.

   3. Any person for damages that person is entitled to recover because of **bodily Injury** to which this coverage applies sustained by a person in **1.** or **2.** above.

C. **Uninsured motor vehicle** means a land motor vehicle or trailer of any type:

   1. To which no bodily injury liability bond or policy applies at the time of the accident.

   2. To which a bodily injury liability bond or policy applies at the time of the accident, but the amount paid for bodily injury under that bond or policy to an insured

is not enough to pay the full amount the **insured** is legally entitled to recover as damages.

   3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or causes an accident resulting in **bodily injury** without hitting:

     a. **You** or any **relative**;

     b. An insured motorcycle which **you** or any **relative** are **occupying**; or

     c. **Your insured motorcycle.**

   If there is no physical contact with the hit-and-run vehicle, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claims under this or any similar coverage.

   4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

     a. Denies coverage; or

     b. Is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment:

   1. Owned by or furnished or available for the regular use of you or any **relative** unless it is **your insured motorcycle** to which PART 1 of this policy applies and Liability Coverage is excluded for any person other than you or any **relative** for damages sustained in the accident by **you** or any **relative**.

   2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

   3. Owned by any governmental unit or agency.

   4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

A. **We** do not provide Uninsured Motorists Coverage for **bodily injury** sustained:

1. By an **insured person** while **occupying**, or when struck by, any motor vehicle owned by that **insured person** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By any **relative** while **occupying**, any motorcycle **you** own which is not insured for this coverage on a primary basis under any other policy.

B. **We** do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured person:**

1. If that **insured person** or the legal representative settles the **bodily injury** claim without **our** consent.

   However, this Exclusion **(B.1.)** does not apply:

   a. If such settlement does not prejudice our right to recover payment; or

   b. To a settlement made with the insurer of a vehicle described in Section **2.** of the definition of **uninsured motor vehicle.**

2. While **occupying your insured motorcycle** when it is being used as a public or livery conveyance.

3. Using an insured motorcycle without a reasonable belief that that person is entitled to do so. This Exclusion **(B.3.)** does not apply to a relative using **your insured motorcycle** which is owned by you.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

D. **We** do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

A. When the **insured person** is **occupying your insured motorcycle** at the time of the accident:

1. The limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to that **your insured motorcycle** is our maximum limit of liability for all damages, including damages for care, loss of services, or death, arising out of **bodily injury** sustained by any one person in that accident; and

2. Subject to this limit for each person, the limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to that **your insured motorcycle** is our maximum limit of liability for all damages for **bodily injury** resulting from that accident.

B. When the **insured person** is not **occupying your insured motorcycle** at the time of the accident:

1. The highest limit of liability for Uninsured Motorists Coverage stated in the Declarations for each person applicable to any **your insured motorcycle** is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in that accident; and

2. Subject to this limit for each person, the highest limit of liability for Uninsured Motorists Coverage stated in the Declarations for each accident applicable to any **your insured motorcycle** is our maximum limit of liability for all damages for **bodily injury** resulting from that accident.

   This the most we will pay regardless of the number of:

   1. "Insureds"

   2. Claims made;

   3. Motorcycles or premiums shown in the Declarations; or

    4. Vehicles or motorcycles involved in the accident.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

    **1.** **Part I** of this policy;

    **2.** No-Fault coverage; and

    **3.** **Part III** -- Expenses for Medical Services.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

    **1.** Workers' compensation law; or

    **2.** Disability benefits law.

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

    **1.** Any recovery for damages sustained by you or any **relative**:

      **a.** While occupying an insured motorcycle owned by you or any **relative** may equal, but not exceed, the limit of liability for Uninsured Motorists Coverage applicable to that insured motorcycle;

      **b.** While occupying an insured motorcycle not owned by you or any **relative** may equal, but not exceed, the sum of:

        **(1)** The limit of liability for Uninsured Motorists Coverage applicable to the insured motorcycle you or any **relative** were occupying at the time of the accident; and

        **(2)** The highest limit of liability for Uninsured Motorists Coverage applicable to any one insured motorcycle under any one policy

affording coverage to **you** or any **relative**;

      **c.** While not **occupying** any insured motorcycle may equal, but not exceed, the highest limit of liability for Uninsured Motorists Coverage applicable to any one insured motorcycle under any one policy affording coverage to you or any **relative**.

    **2.** Any insurance we provide with respect to an insured motorcycle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis.

    **3.** We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

## ARBITRATION

**A.** If **we** and an **insured person** do not agree:

    **1.** Whether that **insured person** is legally entitled to recover damages; or

    **2.** As to the amount of damages; which are recoverable by that **insured person**;

From the owner or operator of an **uninsured motor vehicle**, then the matter may be:

    **1.** Mediated, in accordance with the Mediation provision contained in **Part IV** of the policy, if the damages resulting from **bodily injury** are for $10,000 or less; or

    **2.** Arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

If either party demands mediation, the mediation must be completed before arbitration can occur.

**B.** Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**C.** Each party will:

    **1.** Pay the expenses it incurs; and

2.  Bear the expenses of the third arbitrator equally.

D.  Unless both parties agree otherwise, arbitration will take place in the county in which the **insured person** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1.  Whether the **insured person** is legally entitled to recover damages; and

2.  The amount of damages.

## FLORIDA ARBITRATION CODE

If we and an **insured person** agree to arbitration, the Florida Arbitration Code will not apply.

## ADDITIONAL DUTY

A person seeking Uninsured Motorists Coverage under Section **2.** of the definition of **uninsured motor vehicle** must also promptly:

1.  Send us copies of the legal papers if a suit is brought; and

2.  Notify is in writing by certified or registered mail of a tentative settlement between the **insured person** and the insurer of the **uninsured motor vehicle** and allow us 30 days to advance payment of that insured person in an amount equal to the tentative settlement

to preserve our rights against the insurer, owner or operator of such **uninsured motor vehicle.**

## GENERAL PROVISIONS

Part IV is amended as follows:

## OUR RIGHT TO RECOVER PAYMENT

Our rights do not apply under Paragraph **A.** with respect to coverage under Section **2.** of the definition of **uninsured motor vehicle. If we:**

1.  Have been given prompt written notice of a tentative settlement between an **insured person** and the insurer of an **uninsured motor vehicle;** and

2.  Fail to advance payment to the **insured person** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **insured person** in an amount equal to the tentative settlement within 30 days after receipt of notification:

1.  That payment will be separate from any amount the **insured person** is entitled to recover under the provisions of Uninsured Motorists Coverage; and

2.  We also have a right to recover the advanced payment.

8253
(Ed. 1-93)

## MANUFACTURER'S EQUIPMENT ADDED COVERAGE
## (MOTORCYCLE POLICY)

The provisions and exclusions that apply to Part II -- Physical Damage also apply to this endorsement except as changed by this endorsement.

### PART II -- PHYSICAL DAMAGE

PART II is amended as follows:

A.  The first paragraph of Coverage **B** -- Physical Damage Coverage is replaced by the following:

    **We** will pay for direct and accidental loss or damage to **your insured motorcycle** including its standard and optional factory provided or factory authorized equipment or parts caused:

    1.  By a **comprehensive** loss, or

2.  By **collision** with another object or by upset of the **motorcycle,** less any applicable deductibles. The deductibles shall not apply to loss due to a **collision** of **your insured motorcycle** with another vehicle insured by **us**.

B.  Exclusion 10. is replaced by the following:

    This coverage does not apply to loss:

    10. To any optional or added equipment or parts, other than those made by the manufacturer of **your insured motorcycle** or authorized and exclusively distributed by the manufacturer of **your insured motorcycle** for use on their motorcycles, unless specifically shown in the Declarations or added by endorsement to this policy.

This endorsement forms a part of the policy to which it is attached or the policy designated in the Declarations to which it is attached and is effective on the same date and hour stated in the Declarations.

### EXPLANATION OF ADDED COVERAGE PROVIDED BY THIS ENDORSEMENT

This endorsement broadens your Physical Damage Coverage to include equipment or parts:

1.  Made by the manufacturer for **your insured motorcycle**; or

2.  Exclusively distributed and authorized by the manufacturer of **your insured motorcycle**.

When installed on **your insured motorcycle**.

8265

(Ed. 2-98)

# REPLACEMENT COST INSURANCE
(MOTORCYCLE POLICY)

**IF YOUR INSURED MOTORCYCLE IS MORE THAN FOUR MODEL YEARS OLD AS OF THE INCEPTION DATE OF THE CURRENT POLICY PERIOD, THIS ENDORSEMENT DOES NOT APPLY.**

For the purpose of this endorsement, the current model year shall change effective October 1, of each year, regardless of the actual introductory dates of the makes and models.

Except as provided above, **Part II - Physical Damage** is amended as follows:

## PART II - PHYSICAL DAMAGE

A. The following definition is added to the **Additional Definitions Used in this Part Only**:

### ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

3. **Replacement cost** means the cost, at the time of loss, of an unused **motorcycle** of a make and model similar to the one damaged, destroyed or stolen. When the similar **motorcycle** is no longer manufactured or is not available, replacement shall mean the cost of a more current model year unused **motorcycle**, which is of comparable quality and usefulness.

B. The **Limits of Liability** provision is replaced by the following:

## LIMITS OF LIABILITY

**Our** limit of liability for any one loss shall not exceed the lesser of:

1. The **replacement cost** of the damaged or stolen property; or

2. The actual amount required to repair the damaged property.

**We** will pay the difference between actual cash value and **replacement cost** only after the damaged or stolen property has actually been repaired or replaced.

**Our** payment for loss will be reduced by any applicable deductible shown in the Declarations.

C. This endorsement shall not apply to any optional or added equipment or parts, other than those made by the manufacturer of **your insured motorcycle** or authorized and exclusively distributed by the manufacturer of **your insured motorcycle** for use on their motorcycles.

This endorsement forms a part of the policy to which it is attached or the policy designated in the Declarations to which it is attached and is effective on the same date and hour stated in the Declarations.

8239
(Ed. 05-00)

# PHYSICAL DAMAGE STATED AMOUNT COVERAGE
# CUSTOM/CLASSIC/ANTIQUE CYCLE

I.  **PART II -- PHYSICAL DAMAGE**

Part II is amended as follows:

A.  The first paragraph of Coverage **B** -- Physical Damage Coverage is replaced by the following:

**We** will pay for direct and accidental loss or damage to **your insured motorcycle** including its standard and optional equipment or parts caused:

1.  By a **comprehensive** loss; or

2.  By **collision** with another object or by upset of the **motorcycle**.

less any applicable deductibles. The deductibles shall not apply to loss due to collision of **your insured motorcycle** with another vehicle insured by **us**.

B.  Exclusion **10.** does not apply.

C.  The following exclusion is added:

The Company shall pay no more than a total of $250 for all murals, etchings or other artistic renderings on **your insured motorcycle.**

D.  The **Limits of Liability** provision is replaced by the following:

**LIMIT OF LIABILITY**

**Our** Limit of Liability for any one loss shall not exceed the lesser of:

1.  The actual cash value of the stolen or damaged property;

2.  The amount necessary to repair or replace the damaged property with like kind and quality with deduction for depreciation; or

3.  The Limit of Liability stated in the Declarations.

This endorsement forms a part of the policy to which it is attached or the policy designated in the Declarations to which it is attached and is effective on the same date and hour stated in the Declarations.

8328
(Ed. 10-99)

## MISCELLANEOUS TYPE VEHICLE ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

With respect to the "miscellaneous type vehicles" and coverages described in the Schedule or in the Declarations, the provisions of the policy apply unless modified by this endorsement.

**I. DEFINTIONS**

The Definitions Section is amended as follows:

**A.** For the purpose of the coverage provided by this endorsement "miscellaneous type vehicle" means a motor home, all terrain vehicle, dune buggy or golf cart.

**B.** The definition of "your insured motorcycle" is replaced by the following:

"Your Insured motorcycle" means:

**1.** Any "miscellaneous type vehicle" shown in the Schedule or in the Declarations.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright Insurance Services Office, Inc., 1993
Copyright 1999, GuideOne Insurance

8328
Page 1 of 1

# Adam Neidenberg, Esquire
## 320 SE 9th Street
## Fort Lauderdale, Florida 33316

Civil Litigation — Criminal Law
Trial Practice—Personal Injury
Wrongful Death

Telephone
(954) 760-7600

March 4, 2004

Ms. Stacy Maines, Claims Examiner
GuideOne Insurance Company
Executive Offices
Post Office Box 5323
Cincinnati, Ohio 45201

Re:   Your Insured   : John A. Roland
      Claim Number: 5A09512001
      Date/Accident : September 15, 2002
      My Client      : John A. Roland

Dear Ms. Maines:

You may recall that the undersigned attorney last contacted you, by letter dated July 17, 2003, regarding the motorcycle insurance coverage that your company provided to my client, John A. Roland.

Mr. Roland has now been sued by Kimberly Johnson for the injuries that she sustained in the September 15, 2002 motorcycle accident. It is my understanding that the injuries sustained by Ms. Johnson were very serious and that her claim may be a substantial claim and may be in excess of the coverage that GuideOne provides to Mr. Roland.

Mr. Roland has provided me with the suit papers which were served upon him. He was served with a Complaint, Request for Admissions, Request for Production and Interrogatories on January 30, 2004. I am forwarding those suit papers to you, and I request that your company provide a defense lawyer and a defense for Mr. Roland, so that he does not end up with a default taken against him by Ms. Johnson. In the event that you refuse or fail to defend Mr. Roland, you will give me no alternative but to actively represent Mr. Roland in the litigation, and do whatever is necessary to protect him. The actions that I may be taking may very well be adverse to GuideOne Insurance Company, so that it is in GuideOne's best interest that it defend and protect Mr. Roland in the lawsuit as well as for any damages that may be awarded in excess of GuideOne's coverage.

EXHIBIT

Ms. Stacy Maines, Claims Examiner
March 4, 2004
Page Two

---

I enclose a copy of a letter from Ms. Johnson's attorney, extending the time limit to respond to the Complaint until March 30, 2004. If your company does not have its attorneys file an appearance in the Johnson v. Roland lawsuit, and provide Mr. Roland with a defense, I will defend him and his interests.

Very truly yours,

ADAM S. NEIDENBERG, P.A.

BY: ADAM S. NEIDENBERG



### AMERICAN MODERN HOME INSURANCE COMPANY
### GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY

| Post-it® Fax Note | 7671 | Date 3/30/04 | # of pages ▶ 2 |
|---|---|---|---|
| To ADam Neidenberg | | From Kurt Groetsch | |
| Co./Dept. | | Co. | |
| Phone # | | Phone # | |
| Fax # 954 - 524 - 7666 | | Fax # 513-947-4354 | |

March 30, 2004

Adam Neidenberg, Esq.
320 SE 9th Street
Fort Lauderdale, FL 33316

RE:   Insured          : John Roland
      Claim No.        : 5A09512001
      Date of Accident : 9/15/2002
      Your client      : John Roland
      Plaintiff        : Kimberly Johnson

Dear Mr. Neidenberg:

We are in receipt of your letter dated march 4, 2004. As you are aware, the claim for this matter was previously denied, in October 2002, on the basis that the policy does not cover bodily injury to a passenger.

Please refer to the 'GUIDEONE MOTORCYCLE  POLICY" at page 2 of 6 under the section entitled:

### "PART I-LIABILITY

### COVERAGE A-LIABILITY COVERAGE

### EXCLUSIONS

This coverage does not apply to:

1.  **Bodily Injury** to any person occupying your insured motorcycle."

EXHIBIT "C"

EXECUTIVE OFFICES / 7000 Midland Boulevard / Amelia, OH 45102-2607
MAILING ADDRESS / P.O. Box 5311 / Cincinnati, OH 45201-5323 / FAX (513) 943-7100

We have assigned this to John Weihmuller, with Butler, Pappas Attorneys at Law to conduct a coverage review on our behalf. We will not provide a defense at this time, and pursuant to your letter, we will assume you will enter a defense for Mr. Roland.

Guideone Specialty Mutual Insurance Company explicitly reserves all rights conferred upon it in the insurance contract identified by policy number 0074480183. All activities undertaken thus far in the investigation of this claim and all future activities have been and will be completed with the understanding that said activities will not prejudice any of our rights nor any of the rights of the insured's. Furthermore, Guideone Specialty Mutual Insurance Company does not waive any of the duties of the insured in the event of a loss and the insured is expected to comply with the policy provisions.

I have enclosed a copy of the insured's policy. We will let you know the company's position once we conclude our coverage investigation.

Sincerely,

Kurt Groetsch, SCLA AIC
Sr. Litigation Specialist
(PH)   1-800-375-2075, extension 5682
(Fax)   513-94704354
E-Mail:  kgroetsch@amig.com

# I. RICHARD JACOBS, P.A.
### ATTORNEY AT LAW

GABLES WATERWAY TOWERS
90 EDGEWATER DR., SUITE 801
CORAL GABLES, FL 33133

I. RICHARD JACOBS

TELEPHONE : (305) 373-5591
FAX : (305) 665-4910
CELLULAR : (305) 342-6646
E-MAIL: IRJLAW@BELLSOUTH.NET

## ARBITRATOR'S AWARD

July 9, 2004

Re: Johnson vs. Roland

There is presently pending, under Case Number 03016244, in Broward County, Florida, a lawsuit, wherein Kimberly Johnson is Plaintiff and John Roland is Defendant. The parties, wishing to settle their differences, have determined to voluntarily submit this claim to arbitration.

The lawsuit involves a claim by Kimberly Johnson for injuries that she sustained in a motorcycle/automobile accident which occurred on September 15, 2002, at approximately 1:00 A.M. Kimberly was a passenger, riding on the back of a motorcycle, owned and operated by John Roland. The accident occurred on the Florida Turnpike, south of Mile Marker 66, in Broward County, Florida. Kimberly and John had been out to dinner and had several beers to drink. John Roland was traveling southbound on the Florida Turnpike, and had changed lanes, from the left lane to the right lane, and then to the center lane. There was a slower moving vehicle in the center lane, and the motorcycle struck that vehicle in the rear. As a result of the collision, Kimberly traveled 248 feet south of the point of the collision, and came to rest in the left lane of the southbound lanes on the Florida Turnpike.

Kimberly Johnson is a 37 year old divorced woman, with three minor children. On September 15, 2002, following the accident, she was transported to Broward General Medical Center, where she was hospitalized for approximately 30 days. Kimberly Johnson was in a coma for the first three weeks of her hospital stay. Kimberly had sustained a fractured jaw, which was surgically wired, a skull fracture and multiple bruises, abrasions and cuts. Kimberly Johnson's left eye was cut and stitched. One of Kimberly's teeth was surgically re-planted, and she has been advised that her front teeth will need root canals and at least one crown. Presently, Kimberly Johnson continues to experience pain in her lower neck and upper back areas. Kimberly's jaw and mouth are still painful. Kimberly also is experiencing losses to her equilibrium, loss of memory and her physical response has been slowed. In addition, she has visible facial scarring.

At the arbitration hearing, both Kimberly Johnson and John Roland made statements. John Roland stated that he was charged with driving under the influence of alcohol at the time of the accident and that his blood alcohol level, taken at the hospital, was .018. John Roland pled no contest to a charge of DUI. Mr. Roland further stated that the accident was entirely his

fault. Mr. Roland attributed no negligence to Ms. Johnson. Kimberly Johnson stated that her blood alcohol level was 0. Ms. Johnson also stated that she did not feel that Mr. Roland was impaired when she boarded the motorcycle.

Based upon the statements of both Ms. Johnson and Mr. Roland, as well as the positions taken by the attorneys who represented each party, and a review of the police report and the depositions of two witnesses to the accident, it is the opinion of this arbitrator that John Roland was 100% at fault for the happening of the accident of September 15, 2002, and that Ms. Johnson was not, herself, negligent. It is also the opinion of the arbitrator that there were no third parties who caused and/or contributed to cause the accident of September 15, 2002.

The arbitrator has reviewed the following:

A) A photograph of Kimberly Johnson at the hospital;

B) A List of Medical Expenses Incurred by or on behalf of Kimberly Johnson, in the amount of $133,119.86;

C) Medical Records of Broward General Medical Center, 9/15/02 and 9/25/02;

D) Testimony About Future Dental Work, Estimated to be Approximately $5,000.00;

E) Testimony About Future Plastic Surgery/Scar Revision, Estimated to be Approximately $4,000.00;

F) Testimony About Future Medical Care for Neck and Back Injuries, Estimated to be Approximately $10,000.00.

G) Testimony About Past Lost Wages of Approximately $36,000.00 and Future Lost Wages, Estimated to be over $338,000.00;

H) Testimony Concerning Kimberly Johnson's Injuries, as follows: skull deformity; closed head injury; skin avulsion; severe lacerations; brain bleed - right temporal lobe; loss of two teeth; left pupil larger than right pupil; intubated because of head injury; debridement – upper and lower lip; repair of complex laceration of upper lip and lower lip; laceration of chin and side of forehead; and laceration of nose; abrasions and edema – left arm; and a few abrasions – right leg.

Kimberly Johnson is a waitress who, at the time of the accident, was earning approximately $500.00 per week. She stated that she was unable to go back to work until December, 2003, and that she lost wages during that time period, which losses totaled approximately $30,000.00. Kimberly also lost her health insurance benefits. She further stated that, in December, 2003, she returned to work, part-time, where she is doing one-half of the number of hours that she did prior to her accident. Kimberly's income has been reduced to approximately $250.00 per week, and she has a work life expectancy of at least 26 years. If Kimberly Johnson's medical condition does not improve, she will be unable to do anymore than the part-time work that she is doing, and therefore, she will lose over $300,000.00 in future wages.

Based upon the facts of how the accident occurred, the depositions of two witnesses, the admissions of Defendant, John Roland, as well as the comments of the attorneys for the parties and the statements of the parties, this arbitrator finds that John Roland is 100% at fault for the happening of the accident, and the injuries sustained by Kimberly Johnson. In light of the injuries sustained by Kimberly Johnson, her ongoing complaints and frailties, as well as her income loss in the past, the projected future income losses, and the incurred medical expenses, and the reasonable future medical expenses, this arbitrator is of the opinion that a fair and reasonable value of Kimberly Johnson's claim against John Roland would be $635,000.00.

TOTAL ARBITRATOR'S AWARD: $635,000.00.

I. RICHARD JACOBS, Arbitrator

Copies Furnished:

PHILLIP J. GOLDSTEIN, ESQ.
Attorney for Kimberly Johnson
9210 Southwest 72nd Street, Suite 101
Sunset Oaks, Building 5
Miami, Florida 33173

ADAM NEIDENBERG, ESQ.
Attorney for John Roland
320 Southeast 9th Street
Fort Lauderdale, Florida 33316

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 03-016244 (05)

Florida Bar No. 131580

KIMBERLY JOHNSON,

    Plaintiff,

vs.

JOHN A. ROLAND,

    Defendant.

_____/

**STIPULATION AND AGREEMENT FOR SETTLEMENT OF CLAIM
AND ASSIGNMENT OF CLAIM TO PLAINTIFF**

THIS AGREEMENT, entered into by and between Plaintiff, KIMBERLY JOHNSON, and Defendant, JOHN A. ROLAND, provides as follows:

WHEREAS, the parties hereto are currently involved in litigation in Broward County, Florida, said case bearing Case No. 03-016244 (05) in the Circuit Court of Broward County; (hereinafter referred to as "the lawsuit") and,

WHEREAS, the parties hereto are desirous of resolving their differences by way of settlement and compromise and further to provide reasonable compensation to the Plaintiff, and

WHEREAS, the above-styled lawsuit involves an incident wherein the Plaintiff, KIMBERLY JOHNSON, was injured as a result of a motorcycle accident, and

WHEREAS, the Defendant, JOHN A. ROLAND, has a policy/policies of motorcycle liability insurance with Guide One Insurance, and

WHEREAS, it is the opinion of these parties that the insurance provided by Guide One Insurance was in full force and effect at the time of the incident and provided liability insurance covering the Defendant, JOHN A. ROLAND, for the damages sustained by the Plaintiff, KIMBERLY JOHNSON, in the above-referenced negligence action, and

WHEREAS, Guide One Insurance has refused, despite repeated demand, to extend coverage to Plaintiff, KIMBERLY JOHNSON, or Defendant, JOHN A. ROLAND, and to provide coverage and a defense to Defendant, JOHN A. ROLAND, and

EXHIBIT "E"

WHEREAS, the parties are desirous of resolving their differences by way of settlement and compromise and further provide reasonable compensation to the Plaintiff, KIMBERLY JOHNSON, without the necessity of a trial in this matter, and,

WHEREAS, the Defendant, JOHN A. ROLAND, has had the benefit of open and free discovery, both formal and informal, and has knowledge of the following:

NOW, THEREFORE, in consideration of the mutual covenants contained herein, the parties agree as follows:

1.    SETTLEMENT:

(a).    Defendant, JOHN A. ROLAND, admits his liability to Plaintiff, KIMBERLY JOHNSON, for injuries sustained by the Plaintiff, KIMBERLY JOHNSON, as the result of the motorcycle accident involving a motorcycle owned and operated by Defendant, JOHN A. ROLAND, which occurred on or about September 15, 2002, and the resulting harm to the Plaintiff.

(b).    After the decision of an agreed upon arbitrator as to the amount of damages, and after the resolution of the coverage claim against Guide One directly either in that case or in a subsequent action, Plaintiff, KIMBERLY JOHNSON, through her attorney, shall fully and completely dismiss, without prejudice, the lawsuit now pending against the Defendant, JOHN A. ROLAND, and any and all claims that Plaintiff, KIMBERLY JOHNSON, may have against him, whether the same are known or are unknown, including but not limited to, all of the claims set forth in Case No. 03-016244 (05) in the Circuit Court of Broward County, Florida.

(c).    Defendant, JOHN A. ROLAND, hereby agrees to cooperate as required by Plaintiff, her attorney or assigns, in any litigation with Guide One, to recover damages for Plaintiff's injuries under the policy/policies of liability insurance issued to or on behalf of Defendant, JOHN A. ROLAND. Plaintiff further agrees to execute any documents requested by the Defendant, JOHN A. ROLAND, or Defendant, JOHN A. ROLAND'S at-

torney in furtherance of this agreement, and the Defendant, JOHN A. ROLAND, individually agrees to execute any documents requested by the Plaintiff or the Plaintiff's attorney in furtherance of this agreement and the claim against Guide One.

2.  AMOUNT OF SETTLEMENT: The Plaintiff, KIMBERLY JOHNSON, and Defendant, JOHN A. ROLAND, agree that the total amount for compensatory damages that shall be due from Defendant, JOHN A. ROLAND, shall be determined by the decision of an impartial, mutually selected arbitrator, whose decision shall bind the parties as to the amount of damages due to the Plaintiff, KIMBERLY JOHNSON, from the Defendant, JOHN A. ROLAND. Further, upon a determination of the amount of damages by the arbitrator, to be paid by the Defendant, JOHN A. ROLAND, to the Plaintiff, KIMBERLY JOHNSON, the Defendant, JOHN A. ROLAND, shall enter into a consent judgment in favor of the Plaintiff, KIMBERLY JOHNSON, in the amount determined by the arbitrator.

3.  TO COLLECT SETTLEMENT: The Plaintiff, KIMBERLY JOHNSON, agrees to forego payment by Defendant, JOHN A. ROLAND, individually, of the settlement sum determined by the arbitrator, and agrees not to execute against Defendant, JOHN A. ROLAND, individually, or otherwise attempt to obtain payment from the Defendant, JOHN A. ROLAND, individually, for the amount owing on the consent judgment. If Plaintiff, KIMBERLY JOHNSON, is successful in her attempt to collect this settlement from Guide One, then Defendant, JOHN A. ROLAND, individually, shall be in no way be obligated to pay this settlement figure.

4.  LIMITATION OF RECOVERY: Plaintiff, KIMBERLY JOHNSON, understands and agrees to limit her recovery from Defendant, JOHN A. ROLAND, individually, only as provided in the paragraphs 2, 3 and 6 of this agreement, Plaintiff, KIMBERLY JOHNSON, shall limit her attempts to enforce this settlement agreement solely against Guide One, and the liability insurance policies issued by Guide One insuring the Defendant, JOHN A. ROLAND. In this regard, should the Plaintiff, KIMBERLY JOHNSON, be unsuccessful and it is judicially determined that Guide One is not obligated to provide coverage to Defendant, JOHN A. ROLAND, individu-

ally for the matters set forth in Case No. 03-016244 (05) in the Circuit Court of Broward County, Florida, then and in that event, Plaintiff, KIMBERLY JOHNSON, understands and agrees that she shall not be entitled to recover anything from Defendant, JOHN A. ROLAND, individually, at any point in time.

5.    REPRESENTATIONS: Each party to this Agreement represents to the other that they are entering into this agreement freely and voluntarily after being fully advised as to the legal effect of this document by their respective attorneys. The parties hereto also represent to each other that this document contains the entire agreement between the parties

6.    ATTORNEYS FEES: It is expressly understood and agreed that in the event that a court determines that there is insurance coverage by Guide One due and owing and inuring to the benefit of Defendant, JOHN A. ROLAND, and further determines that Guide One is responsible for payment of attorneys fees for wrongful denial of coverage, then Defendant, JOHN A. ROLAND, shall be entitled to recover those attorneys fees paid or owing to his attorney(s) and Defendant, JOHN A. ROLAND, shall be entitled to receive his *pro rata* portion of attorneys fees, as determined by the court in any legal action. Plaintiff, KIMBERLY JOHNSON, shall pay out of any recovery, those *pro rata* attorneys fees recovered from Guide One and her attorneys shall not release any funds to Plaintiff, KIMBERLY JOHNSON, until they have released those funds representing attorneys fees incurred by Defendant, JOHN A. ROLAND, and awarded by the Court. Notwithstanding the foregoing, the parties agree that any entitlement of the Defendant, JOHN A. ROLAND, to his individual right to attorney's fees, shall not exceed the date of the execution of this agreement and/or the date of the decision of the arbitrator, whichever is later. In the event of settlement, or a decision in favor of Defendant, JOHN A. ROLAND, and against Guide One on the issue of insurance coverage for the motorcycle accident of September 15, 2002, Defendant, JOHN A. ROLAND, agrees to assign all of his rights to entitlement and attorney's fees to Plaintiff, KIMBERLY JOHNSON. Defendant, JOHN A. ROLAND, further agrees to

assign his right to entitlement to attorney's fees, both before and after the decision of the arbitrator, to the Plaintiff, KIMBERLY JOHNSON, who shall enforce these rights against Guide One.

7.    ASSIGNMENT: Defendant, JOHN A. ROLAND, further assigns any and all of his rights as a person insured by Guide One, as a result of the incident of September 15, 2002, which is the subject matter of this lawsuit to the Plaintiff, KIMBERLY JOHNSON.

8.    CONFIDENTIALITY: The parties herein and their successors and assigns agree that this document and all other allied supporting documents pertaining to the agreement of the parties, shall remain strictly confidential between the parties.  The parties and each of them agree that they will make no disclosures concerning the terms of this agreement or allied supporting documents to any other third person, party or entity, except by mutual agreement or upon the directives of a court of competent jurisdiction or other law enforcement agency.

9.    EXECUTION: All parties agree that this agreement shall be executed in the triplicate and that each executed copy shall be deemed an original.


_____
JOHN ROLAND

Dated: 10-25-06


Charity Sue Montgomery
Witness

4124 SW 61 Ave Davie, FL 33314
Address

Dated: 10/25/06


_____
KIMBERLY JOHNSON

Dated: 10-25-06


James A. Roland
Witness

4124 S.W. 61 Ave, Davie, FL 33314
Address

Dated: 10-25-06

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 03016244 (05)

KIMBERLY JOHNSON,

      Plaintiff,

vs.

                                     **FINAL JUDGMENT AGAINST DEFENDANT, JOHN A. ROLAND**

JOHN A. ROLAND,

      Defendant.

_____/

Pursuant to a Stipulation and Agreement for Settlement of Claim entered between the Plaintiff, KIMBERLY JOHNSON, and the Defendant, JOHN A. ROLAND, and pursuant to the findings of the agreed upon arbitrator, I. Richard Jacobs, Esq., it is:

ORDERED AND ADJUDGED that the Plaintiff, KIMBERLY JOHNSON, shall have and recover of and from the Defendant, JOHN A. ROLAND, the sum of $635,000.00, plus costs to be taxed at a separate hearing upon notice to all parties. The genesis of this Judgment is set forth in the Plaintiff's Motion for Entry of Final Judgment; and the attached Stipulation and Agreement for Settlement of Claim, which have been filed with the Court. The Court reserves jurisdiction to award attorney's fees, if applicable, at a later date upon due notice.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 3 day of __January__, 2007.

RICHARD D. EADE

JAN 3  2007
_____
CIRCUIT JUDGE
A TRUE COPY

Copies Furnished:

PHILLIP J. GOLDSTEIN, ESQ.
MICHAEL J. COHEN, ESQ.
ADAM NEIDENBERG, ESQ.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

Florida Bar No. 131580

KIMBERLY JOHNSON,

      Plaintiff,

vs.

GUIDEONE SPECIALTY
MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

**REQUEST FOR ADMISSIONS TO GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY**

COMES NOW Plaintiff, KIMBERLY JOHNSON, by and through her undersigned attorneys, and requests the Defendant, GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY (hereinafter referred to as "GUIDEONE"), to admit or deny the following on or before forty five (45) days after service of same by the Sheriff or an authorized Process Server:

1. That on September 15, 2002, John A. Roland was an insured under a policy of motorcycle liability insurance, issued by GUIDEONE to John A. Roland, which policy of insurance provides uninsured motorist benefits to KIMBERLY JOHNSON.

2. That on September 15, 2002, John A. Roland was an insured under a policy of motorcycle liability insurance, issued by GUIDEONE to John A. Roland, which policy of insurance provides liability/bodily injury benefits to KIMBERLY JOHNSON, as a result of John A. Roland's negligent operation of his motorcycle.

3. That on September 15, 2002, a motorcycle owned and operated by John A. Roland, collided with a vehicle operated by Samantha Lynn Marcum, striking her vehicle in the rear.

4. That at the time and place of the collision referred to in Paragraph 3, above, KIMBERLY JOHNSON was riding as a passenger on said motorcycle.

5. That on September 15, 2002, John A. Roland was an uninsured motorist, with regard to a claim by KIMBERLY JOHNSON, when the motorcycle, owned and operated by John A. Ro-

land, and occupied by KIMBERLY JOHNSON, collided with the rear of a motor vehicle operated by Samantha Lynn Marcum, on the Florida Turnpike, in Broward County, Florida.

6. That on September 15, 2002, on State Road 91 (Florida Turnpike), 1,633 feet south of Mile Post #66, in Broward County, Florida, John A. Roland did operate and/or maintain his 2001 Harley motorcycle with such negligence as to cause it to collide with an automobile operated by Samantha Lynn Marcum, traveling on State Road 91.

7. That on September 15, 2002, at the time and place of the accident referred to in Paragraph 6, above, KIMBERLY JOHNSON was riding as a passenger on John A. Roland's 2001 Harley motorcycle.

8. That the claim of KIMBERLY JOHNSON against GUIDEONE and/or John A. Roland, is not barred and/or limited by any provision of the Florida Motor Vehicle No-Fault law.

9. That KIMBERLY JOHNSON was not herself negligent in the happening of the motorcycle accident of September 15, 2002.

10. That on September 15, 2002, John A. Roland was the owner and operator of a 2001 Harley motorcycle, bearing Florida License Plate No. 65752C.

11. That GUIDEONE issued a motorcycle liability insurance policy to John A. Roland, under Policy No. ROLAJ02, effective date of October 15, 2001 through October 15, 2002.

12. That a copy of the motorcycle insurance policy, referred to in Paragraph 11, above, and attached to the Complaint filed herein as Exhibit "A", is a true and correct copy of the motorcycle liability insurance policy issued to John A. Roland to insure his 2001 Harley motorcycle.

13. That on March 4, 2004, Adam S. Neidenberg, Esq., the personal attorney for John A. Roland, wrote to Ms. Stacy Mains, Claims Examiner for GUIDEONE, enclosing a copy of a lawsuit filed by KIMBERLY JOHNSON against John A. Roland, and requested GUIDEONE to provide a defense for John a Roland.

14. That on March 30, 2004, Kurt Groetsch, SCLA AIC, wrote to John A. Roland's attorney, advising that GUIDEONE would not provide a defense to John A. Roland regarding his motorcycle accident of September 15, 2002.

15. That a copy of the letter of March 30, 2004, referred to in Paragraph 14, above, and attached to the Complaint filed herein, as Exhibit "C", is a true and correct copy of the letter from Kurt Groetsch to Adam S. Needenberg, dated March 30, 2004.

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered to the Sheriff or an authorized Process Server for service upon Defendants, GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, together with the Complaint, Request for Production and Interrogatories, all directed to the Defendant herein.

PHILLIP J. GOLDSTEIN, P.A.
Attorneys for Plaintiff
Marina Lakes Business park
4914 Southwest 72nd Avenue
Miami, Florida 33155
Telephone: (305) 661-1120
Facsimile: (305) 661-1170

BY:_____
PHILLIP J. GOLDSTEIN

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Kimberly Johnson

CIV - COOKE

MAGISTRATE JUDGE
BROWN

07-60444

**DEFENDANTS**
GuideOne Specialty Mutual Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Polk County, Iowa
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Phillip J. Goldstein, Esq.
4914 Southwest 72nd Avenue
Miami, Florida 33155

Attorneys (If Known)
Butler Pappas Weihmuller Katz Craig LLP

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

0:07CV 60444-Cooke-Brown

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE                DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 U.S.C. § 1332 -- Florida plaintiff claims benefits under policy issued by Iowa insurer

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 635,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   3/26/07

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 531688 FP